PEOPLE v. WILLIAMSON.

1. NEW TRIAL—APPEAL AND ERROR—EXCEPTIONS.

A motion for a new trial, where the record is silent as to its disposition, and there are no exceptions to any refusal to grant such motion, will not be reviewed by the appellate court.

2. CRIMINAL LAW—CARRYING CONCEALED WEAPONS—INTENT.

The intent required to make one punishable under the statutes against carrying concealed weapons, is an intent to do the act prohibited, viz., to carry weapons concealed upon the person; the ultimate purpose being immaterial.

3. SAME—TRIAL—CONCEALMENT—INTENT—INSTRUCTIONS—GIST OF OFFENSE.

In a prosecution for carrying concealed weapons under Act No. 274, Pub. Acts 1911, as amended (3 Comp. Laws 1915, § 15236), where the court, in his charge to the jury, repeatedly called their attention to the question of concealment, asking, "Did the defendant have the gun on his person concealed as stated by the people's witnesses?" it is not open to the objection that the court did not suffi-

ciently define the offense charged, since concealment implies an assent of mind and purpose.

4. SAME—LOADED WEAPON—GIST OF OFFENSE.
   The authorities are agreed that a revolver or pistol need not be loaded to come within the statute against carrying concealed weapons.

Error to the recorder's court of Detroit; Jeffries, J. Submitted January 17, 1918. (Docket No. 189.) Decided March 27, 1918.

Robert Williamson was convicted of carrying concealed weapons and sentenced to imprisonment for not less than six months nor more than two years in the Detroit house of correction. Affirmed.

*A. W. Sempliner* and *P. W. Grose,* for appellant.

*Alexander J. Groesbeck,* Attorney General, *Charles H. Jasnowski,* Prosecuting Attorney, and *De Witt H. Merriam,* Assistant Prosecuting Attorney, for the people.

STONE, J. The defendant was convicted in the recorder's court of the city of Detroit of the offense of wilfully and unlawfully going armed with an offensive and dangerous weapon, to wit, a revolver concealed upon his person at the city of Detroit on April 13, 1917, not then and there having a license to go armed, in violation of the provisions of section 15236, 3 Comp. Laws 1915, being Act No. 274 of the Public Acts of 1911, as amended; the title of the act being in part as follows:

"An act to prohibit the sale, keeping for sale, loaning, giving away or carrying of certain dangerous weapons; to prevent the carrying of concealed weapons except in certain specified cases when a license is issued therefor; to provide punishment for the violation of the provisions hereof," etc.

The provisions of said section applicable to the case are as follows:

"It shall be unlawful for any person, except as hereinafter provided, to go armed with a * * * revolver * * * or other offensive and dangerous weapons or instruments concealed upon his person."

Upon the trial of the case the sole testimony (except that of the proper officer that no license to carry concealed weapons had been issued to defendant) was that of a police officer who testified that he arrested defendant about 3:10 p. m. of April 13, 1917, in the city of Detroit. And further:

"I searched him and found that gun on him. (Gun produced and marked exhibit 1, and offered in evidence.) He had the gun in his inside pocket on the right-hand side of his coat. The pocket was a short pocket, up high. I could not see it. I asked him what authority he had to have a revolver. He said he had no authority. He had a badge on, 'Metropolitan Detective Agency.' He said there was a foreigner down there going away with some woman."

On cross-examination the witness testified:

"I examined the gun as soon as I saw it. It was not loaded, and he did not have any cartridges upon his person."

Thereupon the people rested, and there was no evidence offered on behalf of defendant.

Among other things, the trial court charged the jury as follows:

"Now, gentlemen, the law prohibits any person from carrying any weapon that is a dangerous weapon, such as a dagger, sword, pistol, revolver, metallic-knuckles, pocket-billy, sand-bag, skull-cracker, slung shot, razor, without a permit; in fact, no person is allowed to carry any weapon that is concealed, without a permit, coming within the meaning of the statute. * * *

"Now this is a very simple issue in this case. Did the defendant have the gun concealed as stated by the people's witness, and if he did, did he have a permit to carry a gun, or to carry one from the proper authorities? If you find that he had this gun on his

person concealed as testified to by the people, and you believe that beyond a reasonable doubt, it makes no difference, gentlemen, whether it is loaded or unloaded. If you believe that it (the gun) was found upon his (respondent's) person, as testified to by the people, and you believe, further, beyond a reasonable doubt, that he had no permit to carry this gun, then your duty, gentlemen of the jury, if you believe that beyond a reasonable doubt, is to convict this defendant on the charge in the information. * * *

"I will charge you, gentlemen of the jury, that as a matter of law, that it makes no difference whether the gun was loaded or unloaded. If you find that he was carrying it, and carrying it concealed, as I told you, beyond a reasonable doubt, it is your duty to convict him; if you further find, as I have already said to you, that he had no permit to carry one."

There was a motion to direct a verdict of not guilty for the reason that the weapon was not loaded, and that no harm was intended, and that it was not a dangerous weapon, which motion was refused.

After defendant's conviction he was sentenced to be confined in the Detroit house of correction for a period of not less than six months nor more than two years, with a recommendation that he serve six months. There was a motion for a new trial; but the record is silent as to whether the motion was ever heard or not, and there are no exceptions to any refusal to grant such motion. We cannot, therefore, consider such motion.

The defendant has brought the case here upon writ of error, and error is assigned upon the parts of the charge above set forth. Also, that the court erred in refusing to direct a verdict of not guilty on the ground that there was no evidence that the defendant did go armed with a dangerous weapon, and, also, upon the ground that the weapon was not loaded, and was not a dangerous weapon.

Counsel for defendant contend that a distinction

should be made between "carrying a concealed weapon" and "going armed with a concealed weapon." In our opinion, if a person knowingly carries a dangerous weapon concealed upon his person, he is, within the meaning of the statute, going armed with a dangerous weapon concealed upon his person.

It is also urged that under the statute a material element of the offense is the unlawful or felonious intent with which the weapon is carried, and that no such intent was shown in the case. The farthest any of the authorities go, is that the intent required to make one punishable under the enactments against carrying concealed weapons, is an intent to do the act prohibited by the statute, viz.: to carry weapons concealed upon the person, and that the ultimate purpose is immaterial. See 5 Am. & Eng. Enc. Law (2d Ed.), p. 734 *et seq.*, and cases cited in notes.

While there is a diversity of holdings in the different States, depending largely upon varying local statutes, the great weight of authority is to the effect that the intent, or purpose with which the weapon is carried, is not an element of the statutory offense. Of course, if the weapon was carried upon his person through restraint or ignorance, that would be a good defense to the prosecution. But nothing of that kind is claimed in the instant case. The following cited cases are in point upon this question: *State* v. *Williams*, 70 Iowa, 52; *Walls* v. *State*, 7 Blackf. (Ind.) 572; *Ridenour* v. *State*, 65 Ind. 411; *Cutsinger* v. *Commonwealth*, 70 Ky. 392; *Strahan* v. *State*, 68 Miss. 347.

In the last cited case, the sheriff gave his pistol to defendant for the purpose of having it repaired. Defendant was accustomed to do such jobs, and after receiving the pistol carried it to his home two or three miles distant, and afterwards at the owner's request brought it back. While on his way, he carried the

pistol in his pocket for the sake of convenience. The trial court refused an instruction asked by defendant that the jury should acquit, under the foregoing facts. It was held by the supreme court that the trial court properly refused the instructions asked by the defendant, and that the verdict of guilty was sustained by the evidence. The court said:

"The defendant did the act forbidden by the statute, which makes the prohibited *fact* and not the *intent* criminal." Citing cases.

In *State* v. *Martin*, 31 La. Ann. 849, it was held that on the trial of an accused for carrying a pistol concealed on his person, the evidence to show that the pistol belonged to another, that the owner placed it in the hands of the accused merely to get cartridges for it, and that the accused owned no pistol and had never been known to carry one, was not admissible.

"The defendant was indicted for having carried concealed on or about his person, a pistol. He was found guilty, sentenced, and has appealed. It appears, by bill of exceptions, that on his trial he attempted to prove that the pistol had been placed in his hands, by the owner, for the sole purpose of procuring cartridges that would fit it, and that he—accused—had had no pistol, and had never been known to carry one, either concealed or otherwise before that day."

The district attorney objected to the evidence sought to be elicited, on the ground that, in this case, the sole issue raised by the indictment was as to the concealment of the weapon, and that no evidence could properly be admitted to negative criminal intent. The court sustained the objection and correctly refused to admit the evidence.

"To commit the crime charged, it suffices that a dangerous weapon be carried concealed about the person, it matters not whether it be so carried with or without any actual intent."

In *Scott* v. *State*, 94 Ala. 80, it was held that a conviction might be had for carrying weapons concealed on or about the person if proved that the defendant, when arrested on account of suspicious conduct by an officer, who had a warrant of arrest for another person, had a pistol concealed in one of his pockets.

*French* v. *State*, 94 Ala. 93. A conviction may be had for carrying concealed weapons, on proof that the defendant when arrested had them concealed upon his person. See, also, *Chastang* v. *State*, 83 Ala. 29.

*Goldsmith* v. *State*, 99 Ga. 253. Held that one who transports a pistol from a shop where it has been repaired, although he does so at the request of the owner, and for the sole purpose of delivering to the latter, is guilty of the offense of carrying a concealed weapon, if, in the act of transporting the pistol, he carries it concealed upon his person.

*State* v. *Dixon*, 114 N. C. 850. The offense of carrying a concealed weapon consists in the guilty intent to carry the weapon concealed, and does not depend upon the intent to use it; therefore, where in the trial one charged with carrying concealed weapons, on testifying that he carried it for the purpose of selling it, the trial judge properly instructed the jury in effect that there was no evidence to go to the jury to rebut the presumption of guilt which the statute raised from the possession about his person, and off his own premises, of a concealed deadly weapon. (*State* v. *Harrison*, 93 N. C. 605, is overruled.) The court said:

"The object of this statute is not to forbid the carrying of a deadly weapon for use, but to prevent the opportunity and temptation to use it arising from its concealment. If the weapon is carried for lawful use, and even for unlawful use, the defendant would not be guilty under this section if the weapon is carried openly, since this statute applies not to the act of carrying the weapon or the purpose in carrying it, but to the manner of carrying it."

In Missouri, in the two cases of *State* v. *Roberts,* 39 Mo. App. 47, and *State* v. *Murray,* 39 Mo. App. 127, the court seemed to hold that if the weapon is carried for the purpose of sport, or for the purpose of delivering it to its owner, the act is not criminal.

To the same effect is *State* v. *Larkin,* 24 Mo. App. 410, and there are Texas cases holding the same doctrine. But the great weight of authority is that intent is not material, if it appears that there was concealment, which is a material fact. *Ridenour* v. *State, supra.*

A similar rule has obtained in this State relating to criminal trials for keeping saloons open on prohibited days. *People* v. *Roby,* 52 Mich. 577, is such a case. There Chief Justice COOLEY said:

"I agree that as a rule there can be no crime without a criminal intent; but this is not by any means a universal rule. One may be guilty of the high crime of manslaughter when his only fault is gross negligence; and there are many other cases where mere neglect may be highly criminal. Many statutes which are in the nature of police regulations, as this is, impose criminal penalties irrespective of any intent to violate them; the purpose being to require a degree of diligence for the protection of the public which shall render violation impossible," and a score of instances and reported cases are cited.

In the instant case the trial court repeatedly called the attention of the jury to the evidence upon the question of concealment, asking: "Did the defendant have the gun on his person concealed as stated by the people's witness?" We agree with counsel that concealment implies an assent of mind and purpose, but the word is not a technical one.

We do not think there is any merit in the further claim that the court did not sufficiently define the offense charged. The authorities are agreed that a revolver or pistol need not be loaded to come within

the statute. *State* v. *Duzan,* 6 Blackf. (Ind.) 31; *Ridenour* v. *State, supra; Gamblin* v. *State,* 45 Miss. 658; *State* v. *Bollis,* 73 Miss. 57.

A careful examination of this record discloses no reversible error, and the judgment of the recorder's court is therefore affirmed.                    •

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.