PEOPLE *v.* GOGAK.

1. WEAPONS — CARRYING CONCEALED WEAPONS — STATUTES — CONSTRUCTION.
    Where in Act No. 7, § 1, Extra Session 1912 (3 Comp. Laws 1915, § 15236), prohibiting the carrying of concealed weapons, after specifically mentioning certain weapons, the words "or other offensive and dangerous weapons or instruments concealed upon his person," are added, *held*, to be the legislative intent to go further than the specific things mentioned in the statute.

2. SAME—CRIMINAL LAW—DANGEROUS WEAPONS — KNIFE — QUESTION FOR JURY.
    Where, in a criminal prosecution for carrying concealed

weapons, the offense charged was the carrying of a knife, which was offered in evidence, the court properly submitted to the jury the question as to whether the weapon or instrument in question was offensive and dangerous, although the carrying of a knife was not specifically prohibited in the statute.[1]

3. CONSTITUTIONAL LAW—STATUTE—TITLE—OBJECT EXPRESSED.

Act No. 7, Extra Session 1912 (3 Comp. Laws 1915, § 15236 *et seq.*), prohibiting the carrying of concealed weapons, *held,* not open to the objection that it is unconstitutional because it contains more than one object which is not expressed in its title, in violation of section 21, art. 5, Const. Michigan.

4. SAME—SPECIAL PRIVILEGE—POLICE POWER—LICENSES—CARRYING CONCEALED WEAPONS.

The provision in said statute for licensing certain corporations to arm their employees, *held,* not open to the objection that it is unconstitutional as giving special privileges to corporations in violation of section 1, art. 12, Const. Michigan, but is an exercise of the police power, and is a reasonable police regulation.

5. SAME—SHERIFFS—OTHER OFFICE—ADDED DUTY.

Nor is said statute unconstitutional because thereby the sheriff is made a member of the board to issue licenses to go armed with weapons, since no new or other office is conferred in violation of section 5, art. 8, Const. Michigan, but simply a new or additional duty is assigned.

Error to recorder's court of Detroit; Wilkins, J. Submitted January 16, 1919. (Docket No. 117.) Decided April 3, 1919.

George Gogak was convicted of carrying concealed weapons, and sentenced to imprisonment for not less than one year nor more than two years in the Detroit house of correction. Affirmed.

*Ira J. Pettiford,* for appellant.

*Alex. J. Groesbeck,* Attorney General, *Charles H. Jasnowski,* Prosecuting Attorney, and *Harry B. Keidan,* Assistant Prosecuting Attorney, for the people.

[1] See note in 34 L. R. A. (N. S.) 1176.

STONE, J. The defendant was convicted in the recorder's court for the city of Detroit, under an information charging that on the 27th day of January, 1918, at the city of Detroit, he did wilfully, unlawfully and feloniously go armed with a certain offensive and dangerous weapon, to-wit: a knife concealed upon his person; he not then and there having a license to go armed with an offensive and dangerous weapon; contrary to the form of the statute, etc. Upon the trial there was evidence that the defendant, at the time and place charged, was carrying upon his person, and concealed in his hip-pocket a certain knife which was produced and exhibited to the jury and there was no claim that he had a license, but the contrary appeared. The knife was spoken of in the record as a "hunting knife."

The conviction was had under Act No. 7, Extra Session 1912, entitled:

"An act to amend section one of act number two hundred seventy-four of the Public Acts of nineteen hundred eleven, entitled, 'An act to prohibit the sale, keeping for sale, loaning, giving away or carrying of certain dangerous weapons; to prevent the carrying of concealed weapons except in certain specified cases when a license is issued therefor; to provide punishment for the violation of the provisions hereof; and to repeal act. number one hundred twenty-nine of the Public Acts of eighteen hundred eighty-seven, entitled,' " etc.

Section 1, as amended, reads as follows:

"It shall be unlawful for any person, except as hereinafter provided, to go armed with a dirk, dagger, sword, pistol, revolver, stiletto, metallic-knuckles, pocket-billy, sand-bag, skull-cracker, slung-shot, razor, hatpins over ten inches long, or other offensive and dangerous weapons or instruments concealed upon his person."

Counsel for defendant requested the court to charge the jury as follows:

"1. The defendant, George Gogak, is charged with a violation of the concealed weapon act, being Act Number 274 of the Public Acts of Michigan of 1911 as amended; the act under which the information is drawn names a number of weapons which it prohibits a person from carrying concealed on his person, such as a revolver, pistol, dagger, dirk, stiletto, metallic-knuckles, pocket-billy, sand-bag, etc., but does not name a knife, which the information in this case charges the defendant had on his person on the night in question; therefore I charge you that the act does not cover the charge in this case, and the information filed in this case charges no criminal offense, and it is your duty to find the defendant not guilty, without leaving your seats.

"2. I charge you that the act under which this information is charged is unconstitutional, being a violation of section 21 of article 5 of the Constitution of Michigan, in that the act has more than one object which is not expressed or embraced in its title; that being the case you will find the defendant not guilty.

"3. Section four of this act provides for the licensing of the employees of banks, trust companies, railroad companies and express companies, upon payment of a blanket license feet of ten dollars; obviously this concession was made to these corporations named as a measure of protection of their property rights, so that an individual citizen that puts a gun in his pocket to protect one dollar, or a thousand, that he may have on his person from robbery or theft, no matter how innocent his motives may be, may be for such act, sent to the State prison from one to two years, while any of the corporations named are given the privilege to pay the sum of ten dollars, and arm any of their employees without restriction; this act confers certain special privileges and power upon certain corporations doing business in this State, and is therefore in direct conflict with section 1, article 12 of the Constitution of the State of Michigan, and void; and if any crime has been committed by the defendant in this case, the same would come within the provisions of the old

statute making the same a misdemeanor, and this court has no jurisdiction of that offense, therefore I discharge you from further consideration of this case, and discharge the defendant.

"4. I further charge you that the act in question is in conflict with article 8, section 5 of the Constitution of the State of Michigan and is therefore void."

Each of the foregoing requests to charge was refused, and the court among other things charged the jury as follows:

"Now, the knife is not specifically named in this statute, and in fact, as you notice, and as Mr. Pettiford said to you, but the statute does provide and prohibit any person from going armed with any offensive or dangerous weapon or instrument concealed upon his person; and the question for you, gentlemen, to determine, one of the questions in this case, is, whether this knife is a dangerous and offensive weapon.

"There are certain things that must be proven to your satisfaction, beyond reasonable doubt, before you would be entitled to bring in a verdict of guilty. *First,* that the defendant was armed with an offensive and dangerous weapon, as charged. *Second,* that such an offensive and dangerous weapon was concealed upon his person. I charge you that if he had it in his pocket that is a sufficient concealing. *Third,* that he had no lawful permit or license from the board or commission authorized to grant licenses for persons to go armed with such weapons."

The defendant, having been convicted by the verdict of the jury, was sentenced to imprisonment in the Detroit house of correction, and he has brought the case here upon writ of error. His counsel in his brief in this court discusses the questions raised by his requests to charge, which are made subjects of assignments of error.

1. It is the contention of the defendant that the information does not charge a criminal offense, because the word "knife" is not specifically mentioned

in the statute.* As we understand counsel, he here invokes the doctrine of *ejusdem generis,* which doctrine is to the effect that in statutory construction where general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned. We think the rule applicable here is that stated by this court in *McDade* v. *People,* 29 Mich. 50, where Chief Justice GRAVES said:

"It is a well-settled general rule, and one especially applicable in the interpretation of statutes which define crimes and regulate their punishment, that general words are to be restrained to the matter with which the act is dealing, and that if it be dealing with specific things or particular modes only, the general words must be limited to such things or modes, *except when it is apparent that the legislature intended by the general words to go further"*—citing cases.

We think it clearly appears that the legislature here intended to go further than the specific things that are mentioned in the statute, and meant to embrace all "other offensive and dangerous weapons or instruments concealed upon his person." It is manifest that there may be many offensive and dangerous weapons or instruments falling within the scope and spirit of this statute other than those specifically mentioned. As we know, there are knives and knives, some dangerous and offensive and some not. This knife was offered in evidence and was shown to, and examined by the jury, and we think the court properly submitted the question to them as to whether the weapon or instrument in question was offensive and dangerous. We find no error in refusing to give the first request to charge.

2. It is next claimed that the act contains more than one object, which is not expressed or embraced in its title, and is therefore invalid.

We have already copied the title of the act, and section 1. Section 2 prohibits the sale of such weapons. Section 3 specifies who shall constitute the board to issue licenses. Section 4 makes it the duty of the board to issue licenses to peace officers and certain other persons. Section 5 makes the county clerk the secretary of the board. Section 6 relates to the carrying of weapons by peace officers. Section 7 relates to the form of the application for license. Section 8 makes it the duty of any person armed with a weapon to produce the license at the request of any peace officer or other person in authority. Section 9 provides the punishment for violation of the statute.

We are of the opinion that the general purpose and object of the act are sufficiently expressed in its title. As was said by this court in *Kurtz* v. *People,* 33 Mich. 279:

"This provision of the Constitution was intended to prevent legislators from being entrapped into the careless passage of bills or matters foreign to the ostensible purpose of the statute as entitled; but it was not designed to require the body of the act to be a mere repetition of the title, nor to preclude the introduction of such means as are reasonably adapted to secure the object indicated by the title."

See, also, *Toledo, etc., R. Co.* v. *Dunlap,* 47 Mich. 456; *Attorney General* v. *Sanilac County Supervisors,* 71 Mich. 16; *Bissell* v. *Heath,* 98 Mich. 472; *People* v. *Brooks,* 101 Mich. 98.

In our opinion there is no force in this claim of the appellant. We have examined the cases cited by counsel and do not think they support his contention.

3. As we understand counsel, he claims that the act in question is unconstitutional as giving special privi-

leges to corporations. In this claim we do not agree with counsel. Our attention is called to section 1, art. 12 of the Constitution, which reads as follows:

"Corporations may be formed under general laws, but shall not be created, nor shall any rights, privileges or franchises be conferred upon them, by special act of the legislature. All laws heretofore or hereafter passed by the legislature for the formation of, or conferring rights, privileges or franchises upon corporations, and all rights, privileges or franchises conferred by such laws may be amended, altered, repealed or abrogated."

We are unable to fully understand the position of counsel here. The act in question is a general, and not a special act of the legislature. The point of counsel seems to be that, because the act provides that a general permit may be given and issued to certain corporations, for their employees, it therefore confers upon such corporations a special privilege, forbidden by the Constitution. We do not so understand it. This is an exercise of the police power, and is a reasonable police regulation; and in so far as it regulates the action of the board in licensing certain corporations, it cannot be said to be class legislation, or the conferring of special privileges, if it operates alike on all such corporations. 6 R. C. L. p. 240 *et seq.* See collection of cases in *Maclam* v. *City of Marquette,* 148 Mich. 480. The general principle is that equal protection is not denied where the law operates alike upon all persons, similarly situated. We think there is no force in the position of counsel upon this point.

4. Under this head it is claimed that the act is unconstitutional because the sheriff is made a member of the board, to issue licenses to go armed with weapons. The provision of the Constitution referred to by counsel is section 5 of article 8, which provides that the sheriff shall hold no other office. We do not think that this statute conferred any new, or other

office, but simply assigned a new, or additional, duty to be performed by the sheriff. We see no force in the objection.

We find no reversible error in the record, and the judgment of the recorder's court is affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.