## PEOPLE *v.* MOCERI.

1. WEAPONS—LICENSE—EVIDENCE—AUTOMOBILES.
   In prosecution for carrying a concealed weapon without a license, evidence showing pistol to have been carried on floor of car occupied by defendants sustained conviction (Act No. 328, § 227, Pub. Acts 1931).

2. INDICTMENT AND INFORMATION—CARRYING CONCEALED WEAPON WITHOUT A LICENSE—SUFFICIENCY OF CHARGE—STATUTES.
   Information charging accused with carrying a pistol in a motor vehicle operated and occupied by them without either of them having a license so to carry it and charging that neither of them was in his dwelling house, place of business, or on other land possessed by him *held,* in accordance with the language of the statute; hence, sufficient (Act No. 328, § 227, Pub. Acts 1931).

3. WEAPONS—LOADED PISTOL CAPABLE OF BEING FIRED.
   Pistol which was capable of being fired and which contained a bullet at time of the arrest of defendants, charged with carrying a concealed weapon without a license so to do, *held,* a weapon within the prohibition of the statute (Act No. 328, § 227, Pub. Acts 1931).

Appeal from Recorder's Court for the City of Detroit; Murphy (George), J. Submitted June 13, 1940. (Docket No. 104, Calendar No. 41,055.) Decided September 6, 1940.

Joe Moceri and Charles Ruggerello were jointly convicted of carrying a concealed weapon. Defendant Moceri appeals. Affirmed.

*Frank S. Valenti* (*Donald McGaffey,* of counsel), for appellant.

*Thomas Read,* Attorney General, *Edmund E. Shepherd,* Assistant Attorney General, *Duncan C. McCrea,* Prosecuting Attorney, and *William L. Brunner* and *Clare L. Randolph,* Assistant Prosecuting Attorneys, for the people.

Bushnell, C. J. Defendants were arrested by police officers of the city of Detroit at about 4:30 a.m. on October 22, 1939. At that time, defendant Ruggerello was in a parked car and defendant Moceri was just getting into the car. The attention of the officers was attracted by the fact that the rear license plate of the automobile was covered with a rag and defendants appeared to be intoxicated. They were both arrested. The automobile was searched and a hammer and tire tool were found on the floor of the car in front of the front seat. Defendants were taken to a police station, where further search revealed a pistol on the floor of the car. Moceri told the officers that the gun was his, but when he took the stand in his own behalf he denied that he had ever seen the gun until it was found in the police station. Ruggerello testified that he had found the gun during the course of the evening, but did not remember just where or when, that he laid the gun on the floor of the car, and that Moceri knew nothing about it. Defendants were tried together by the court, sitting without a jury, on an information which charged that they—"did carry a revolver pistol in a motor vehicle operated

and occupied by them, neither of them then and there having a license to so carry said pistol and neither of them being then and there in their dwelling house, place of business or other land possessed by them, contrary to the form of the statute.''

Both were found guilty and each received a sentence of from five months to five years. Defendant Moceri alone appeals.

The statute under which the charge was laid is the penal code, Act No. 328, § 227, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–227, Stat. Ann. § 28.424), which reads as follows:

''Any person who shall. carry a dagger, dirk, stiletto or other dangerous weapon except hunting knives adapted and carried as such, concealed on or about his person, or whether concealed or otherwise in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him; and any person who shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license to so carry said pistol as provided by law, shall be guilty of a felony, punishable by imprisonment in the State prison for not more than five years, or by fine of not more than two thousand five hundred dollars.''

Appellant claims that his conviction is against the great weight of the evidence. The testimony has been examined and the conviction is not against the great weight of the evidence. Appellant also contends that there is a variance between the charge, the information, and the language of the statute, and that he was convicted of a crime with which he was not charged.

The statute makes it a crime to carry a pistol without a license in a vehicle operated or occupied

by the person charged. The information was laid in accordance with the language of the statute, and the finding of the court was:

"I find both defendants guilty of the offense charged; refer them to the clinic and probation department, sentence a week from today."

It was stipulated that the pistol introduced in evidence upon the trial need not be produced on appeal. It was described in the record as follows:

"An eight shot auto loading pistol, 32 cal. No. 4894, with side ejection. Manufacture discontinued 25 to 30 years ago by manufacturers, Davis Wormer Arms Corporation, Assonet, Massachusetts. Obsolete model with magazine missing. Magazine replacement commercially unreplaceable. Part of exhibit 1 is a bullet of type used for revolvers, not automatic, described as a Winchester 32 S. F. & W. 88 grain smokeless powder with lead pellet. Rim scarred or scratched by extraction of pistol (not filed)."

Appellant's brief suggests that the pistol could not be called a weapon. Because of this argument, we have ordered the pistol produced. It has been examined and found capable of being fired and, according to the testimony, the pistol contained a bullet at the time of the arrest.

The conviction is affirmed.

Sharpe, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred. The late Justice Potter took no part in this decision.