## PEOPLE v. BAILEY.

1. CRIMINAL LAW—FIREARMS—CARRYING PISTOL IN VEHICLE—EXCEPTION.

    Transportation exceptions to statute generally prohibiting carrying a pistol in a vehicle allow a person to transport a pistol in an automobile only when it is unloaded and in a wrapper, and furnish no defense to criminal charge of carrying a pistol in a vehicle when the weapon carried was not in a wrapper (CL 1948, § 750.227; § 750.231a, as added by PA 1964, No 215).

2. STATUTES—CARRYING CONCEALED WEAPONS—INTENT.

    Legislative intent in passing concealed weapon statute was that weapons should not be carried where they might be used to take lives (CL 1948, § 750.227).

3. SAME—JUDICIAL INTERPRETATION—REFLECTION OF INTENT.

    Courts should look for reasonable interpretations of statutes, rather than tortured interpretations or exceptions, so as to reflect the intent of the legislature.

4. WORDS AND PHRASES—DANGEROUS WEAPON.

    "Dangerous weapon", as used in statute prohibiting carrying dangerous weapon concealed or in a vehicle, should not be narrowly construed by a court (CL 1948, § 750.227).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 6] 56 Am Jur, Weapons and Firearms § 15.
[2, 3, 5] 50 Am Jur, Statutes § 412 *et seq*.
[4] 56 Am Jur, Weapons and Firearms §§ 2, 3.

5. WEAPONS—CONSTRUCTION OF STATUTES—POSSESSION OF SHOTGUN.
    Courts are not inclined to accept overly-technical defense to the possession of a shotgun which has been altered by shortening the barrel, a man-killing weapon (CL 1948, § 750.227).

6. CRIMINAL LAW—CARRYING CONCEALED WEAPON.
    Conviction of defendants of carrying a concealed weapon without a license where the weapon was a 2-foot long sawed-off shotgun found beside the front seat of an automobile defendants were riding in when arrested *held*, proper, where the weapon was not in a wrapper, the transportation exceptions allowing private persons to transport a pistol in the passenger compartment of an automobile applying only when a weapon is unloaded and in a wrapper and being taken home from purchase, to or from a repair shop, or from abode to abode (CL 1948, § 750.227; § 750.231a, as added by PA 1964, No 215).

Appeal from Oakland; Thorburn (James S.), J. Submitted Division 2 October 10, 1967, at Lansing. (Docket No. 3,172.) Decided April 2, 1968.

Harry Bailey and David Bailey were convicted of carrying a concealed weapon. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Robert W. Leutheuser,* Assistant Prosecuting Attorney, for the people.

*Campbell & Lee,* for defendants.

McGREGOR, P. J. On July 8, 1966, the police of Keego Harbor investigated a report that a gun had been discharged in a residential area of the city. An investigation of the house where the gunshot was believed to have taken place did not reveal a gun, but did reveal the defendants. After asking some questions, the police left. Some time thereafter, a neighbor called the police to report that the

defendants had driven away in an auto with something that looked like a gun. The defendants' auto was stopped and found to contain a sawed-off shotgun, about 2 feet long, beside the front seat. Defendants were convicted of carrying a concealed weapon, in violation of the statutory provisions against carrying a concealed weapon without a license, CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424), and were both sentenced to a prison term of 4 to 5 years.

Much of the basis of appeal in this case stems from the understandable confusion over the status of a sawed-off shotgun. The prosecutor, in the information and at the trial, tried to touch all bases by asserting that possession of the gun was illegal under the "other dangerous weapons" provision of the concealed weapon prohibiting statute, *supra,* or alternatively (or perhaps additionally), that defendants were guilty of carrying a pistol without a license. Defendants argue here, as they did below, that the sawed-off shotgun in question was a pistol, as defined by the legislature in CL 1948, § 750.222, as amended by PA 1964, No 215 (Stat Ann 1968 Cum Supp § 28.419):

" 'Pistol' means any firearm, loaded or unloaded, 30 inches or less in length."

Defendants advanced this theory as a corollary to the defense that they were exempted from the licensing provision by the statutory language which exempts moving an unloaded pistol from one abode to another. PA 1931, No 327, § 231a, as added by PA 1964, No 215 (MCLA § 750.231a, Stat Ann 1968 Cum Supp § 28.428[1]). In line with this defense, defendants introduced evidence with the intent of showing that they were in the process of moving to a new abode.

Defendants moved for a directed verdict in the trial court on the basis of the statutory definition of a pistol and the evidence of moving from one abode to another. Motion was denied on the basis that the gun was in fact a shotgun, and merely because it was less than 30 inches in length, the character of the gun had not changed.

This question was submitted to the jury; the judge's charge to the jury contained the language patterned after both the "other dangerous weapon" prohibitory clause and the "unlicensed pistol" prohibitory clause. The exception to carrying a pistol from abode to abode was also charged. The jury returned a verdict of guilty as charged.

While much of the defendants' theory of defense is novel and interesting, it suffers complete collapse when it is compared to the wording of the exemption statute. PA 1931, No 327, § 231a, as added by PA 1964, No 215 (MCLA § 750.231a, Stat Ann 1968 Cum Supp § 28.428[1]). It can be clearly seen by a perusal of the statute that the transportation exceptions (home from a purchase, to and from a repair shop, and from abode to abode) allowing a private individual to transport a pistol in the passenger compartment of an automobile, apply only when the weapon is unloaded and in a wrapper. It is clear in this case that the weapon in question did not meet the clearly established criteria for carrying a pistol in the passenger compartment of an automobile.

The collapse of the defendants' theory of defense makes it unnecessary to rule whether a sawed-off shotgun is a pistol or not, although this Court has definite opinions concerning sawed-off shotguns. We know of no justification for carrying a sawed-off shotgun in the passenger compartment of an automobile. The basic intent of the legislature as

indicated in the concealed weapon statute was that weapons should not be carried where they might be used to take lives. Courts should look for reasonable rather than tortured interpretations of statutes, or exceptions thereto, so as to reflect the intent of the legislature. *Sergeant* v. *Kennedy* (1958), 352 Mich 494. "Dangerous weapons", when used in the statute, should not be narrowly construed by us. *People* v. *Gogak* (1919), 205 Mich 260. This Court is not inclined to accept overly-technical defenses to the possession of a shotgun which has been altered by shortening the barrel, which is obviously a man-killing weapon (see *People* v. *Vaines* (1945), 310 Mich 500), and almost without exception illegal to possess under Federal statutes. 26 USCA, § 5851.

Affirmed.

LEVIN and QUINN, JJ., concurred.