PEOPLE *v.* PIGGEE

1. SEARCHES AND SEIZURES—WEAPONS—PROBABLE CAUSE—SAFETY
MEASURES—CRIMINAL LAW.

 Officers arriving at a restaurant to deal with a drunk, finding
him sleeping on two chairs with what appeared to be part of
a weapon protruding from underneath his sweater, did not
have probable cause then to make an arrest for carrying a
concealed weapon, but they were justified in investigating
further and since they had reason to believe that the defend-
ant was armed and dangerous, it was permissible for them to
take measures necessary to determine whether the defendant
was, in fact, carrying a weapon and to neutralize the threat
of physical harm.

2. SEARCHES AND SEIZURES—REASONABLE SEARCH—FRISKING—CON-
STITUTIONAL LAW—FOURTH AMENDMENT—WEAPONS—ADMISSIBLE
EVIDENCE.

 A shotgun and shell were admissible under the Fourth Amendment
where police officers had reason to believe the defendant was
armed and the search was confined in scope to an intrusion
reasonably designed to discover a gun, and the officers did not
place their hands under the outer surface of the defendant's
clothing until after they felt a weapon and then they reached
for and removed the gun (US Const, Am 4).

3. CRIMINAL LAW—PREJUDICIAL STATEMENT BY PROSECUTOR—IN-
STRUCTIONS TO JURY.

 No reversible error occurred where the defendant, charged only
with carrying a concealed weapon, was entitled to have the
people retract any suggestion or inference that he had been
charged with armed robbery and to an appropriate cautionary
instruction by the judge to the jury and there was both such
a retraction and such an instruction (MCLA § 750.227).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 47 Am Jur, Search and Seizure §§ 16–19, 51 *et seq.*
[3] 53 Am Jur, Trial § 506.

Appeal from Recorder's Court of Detroit, Vincent J. Brennan, J.  Submitted April 14, 1970, at Detroit. (Docket No. 7,290.)    Decided October 27, 1970. Leave to appeal denied February 11, 1971.  384 Mich 805.

Vernon Piggee was convicted of carrying a concealed weapon.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*Graham & Colucci,* for defendant on appeal.

Before: T. M. Burns, P. J., and Levin and Davidson,* JJ.

Per Curiam.  The defendant, Vernon Piggee, appeals his conviction of carrying a concealed weapon.  MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).

On the evening of March 10, 1968, two policemen were summoned because of "trouble with a drunk" to a restaurant in a Detroit bus station.  On arriving they discovered the defendant sleeping in a prone position on two chairs.  As the officers attempted to awaken him one of them noticed a wooden object protruding from underneath the back of his sweater.  Thinking that the object might be part of a weapon he pulled it out.  The second officer testified that it appeared to him to be the wooden stock of either a rifle or a shotgun.  He then bent over the defendant and ran his hands down the outside of his trousers.  Underneath the

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

left trouser leg he felt "what [he] believed to be a firearm". He reached inside the trousers and withdrew a barrel and firing mechanism of a sawed-off shotgun. By this time the defendant had awakened. The two officers then completed the search and found a shotgun shell.

We are satisfied that the gun and shell were admissible under the Fourth Amendment. The officers were "able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably" warranted the intrusion upon the defendant's privacy. *Terry* v. *Ohio* (1968), 392 US 1, 21 (88 S Ct 1868, 20 L Ed 2d 889). The officers were summoned to the restaurant by the proprietor who claimed he was having trouble with a drunk. Upon arriving they saw the defendant sprawled out sleeping on two chairs. One of them observed what appeared to him might be part of a weapon protruding from underneath the defendant's sweater. Even though there was no probable cause then to make an arrest for carrying a concealed weapon, the officers were thoroughly justified in investigating further (*Terry* v. *Ohio, supra,* p 22) and, since they had reason to believe that the defendant was armed and dangerous, it was permissible for them to take measures necessary to determine whether the defendant was in fact carrying a weapon and to neutralize the threat of physical harm. *Terry* v. *Ohio, supra,* pp 24, 27.

The search here was "confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer". *Terry* v. *Ohio, supra,* p 29. The officers did not place their hands under the outer surface of the defendant's clothing until after they felt a weapon and then they reached for and removed the gun. Only after they discovered

that the defendant was carrying the gun did they conduct a more complete search and find the shell. The officers confined their "search strictly to what was minimally necessary to learn whether the [defendant was] armed and to disarm [him] once [they] discovered the weapon. [They] did not conduct a general exploratory search for whatever evidence of criminal activity [they] might find". *Terry* v. *Ohio, supra,* p 30.

The defendant's argument, based on an analysis of the provisions of ch 37 of the penal code, concerning firearms, that a sawed-off shotgun is not "a dangerous weapon" within the meaning of MCLA § 750.227 (Stat Ann 1962 Rev § 28.424), which prohibits the carrying of a concealed weapon, was considered and rejected in *People* v. *Bailey* (1968), 10 Mich App 636, 639, 640. There was testimony that it was possible to fire the weapon in the condition in which it was found, *i.e.,* without the stock attached.

At the trial the defendant's lawyer moved for a mistrial after one of the officers said that the defendant was placed under arrest for armed robbery at the restaurant. Actually, the defendant had not been charged with armed robbery. The only charge lodged against him was the one of which he was convicted, namely, carrying a concealed weapon. The court deferred ruling on the motion until after the people had presented more of their evidence, saying he would then determine whether the possible prejudice to the defendant had been cured. An officer testified that the only offense charged against the defendant was the offense of carrying a concealed weapon, and that there were no other warrants or other charges outstanding against him whatsoever. Before instructing the jury the judge denied the motion for a mistrial. He instructed the

jurors that there was nothing in the record concerning armed robbery of any nature and they were to completely disregard the officer's statement. Defendant's lawyer voiced no objection concerning the adequacy of the instruction.

The defendant was manifestly entitled to have the people retract any suggestion or inference that he had been charged with armed robbery and to an appropriate cautionary instruction by the judge to the jury. There was both such a retraction and such an instruction. We find no reversible error.

Affirmed.