## PEOPLE *v.* JIMINEZ

1. WEAPONS—CONCEALED WEAPONS—EVIDENCE—STATUTORY EXEMPTIONS—BURDEN OF PROOF.

   Evidence does not need to be offered by the prosecution at trial for carrying a concealed weapon without a license, to show that the defendant was not within certain exemptions set out in the statute, specifically that he was not in his "dwelling house or place of business or on other land possessed by him", because the legislature has enacted a law which held that, in a trial for carrying a concealed weapon, the burden is on the defendant to show that he comes within one of the exemptions (MCLA §§ 750.227, 776.20).

2. WEAPONS—CONCEALED WEAPONS—LOADED GUN—PISTOL—DEFINITION—EVIDENCE.

   Evidence does not need to be entered by the prosecution in a trial for carrying a concealed weapon, to show that defendant's loaded gun was operable, since the statute specifically refers to "any person who shall carry a pistol concealed on or about his person", and "pistol" is defined as "any firearm, loaded or unloaded, 30 inches or less in length, or any firearm, loaded or unloaded, which by its construction and appear-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur, Weapons and Firearms § 16.
[2] 56 Am Jur, Weapons and Firearms § 13.
[3] 50 Am Jur, Statutes § 238.
[4] 56 Am Jur, Weapons and Firearms §§ 2–4.

ance conceals it as a firearm"; this definition does not require the firearm to be operable (MCLA §§ 750.222, 750-.227).

3. STATUTES—JUDICIAL INTERPRETATION—REFLECTION OF INTENT.
   Courts should look for reasonable interpretations of statutes, rather than tortured interpretations or exceptions, so as to reflect the intent of the legislature.

4. WEAPONS—WORDS AND PHRASES—DANGEROUS WEAPON.
   "Dangerous weapon", as used in the statute prohibiting carrying a dangerous weapon concealed should not be narrowly construed by a court (MCLA § 750.227).

Appeal from Saginaw, Fred J. Borchard, J. Submitted Division 3 August 25, 1970, at Detroit. (Docket No. 8,476.) Decided October 30, 1970. Leave to appeal denied March 19, 1971. 384 Mich 819.

Pablo Jiminez was convicted of carrying a concealed weapon without a license. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George E. Thick II,* Prosecuting Attorney, and *H. William Martin, Jr.,* Assistant Prosecuting Attorney, for the people.

*Brisbois, Sturtz & LaDue,* for defendant.

Before: LESINSKI, C. J., and V. J. BRENNAN and O'HARA,* JJ.

O'HARA, J. This appeal arises from defendant's jury conviction of carrying a concealed weapon in violation of statute.[1] Defendant contends that at trial the prosecution failed to offer proofs showing

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).

that he was not within certain exemptions set out in the statute.

The concealed weapons statute provides as follows:

"Any person who shall carry a dagger, dirk, stiletto or other dangerous weapon except hunting knives adapted and carried as such, concealed on or about his person, or whether concealed or otherwise in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him; and any person who shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license to so carry said pistol as provided by law, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than five [5] years, or by fine of not more than two thousand five hundred [2,500] dollars."

Defendant specifically contends that no proofs were offered to show that he was not in his "dwelling house or place of business or on other land possessed by him".

Prior to 1968, we would have given serious consideration to such an objection. *People* v. *Schrader* (1968), 10 Mich App 211. However, in that year the legislature took notice of our decisions holding that it was the burden of the prosecutor to prove that the defendant did not come within a statutory exception. The legislature responded by enacting a law which held that, in trials for carrying concealed weapons, the burden is on the defendant to show that he comes within one of the exemptions.

"In any prosecution for the violation of any acts of the state relative to use, licensing and possession

of pistols or firearms, the burden of establishing any exception, excuse, proviso or exemption contained in any such act shall be upon the defendant but this does not shift the burden of proof for the violation." MCLA § 776.20 (Stat Ann 1970 Cum Supp § 28.1274[1]).

The application of this statute to the instant case removed the responsibility from the prosecutor of showing that defendant was not on his own property.

Defendant's second argument is that no proofs were entered which showed his loaded gun was operable.

The statute specifically refers to "any person who shall carry a *pistol* concealed on or about his person". "Pistol" is defined in MCLA § 750.222 (Stat Ann 1970 Cum Supp § 28.419).

" 'Pistol' as used in this chapter means any firearm, loaded or unloaded, 30 inches or less in length, or any firearm, loaded or unloaded, which by its construction and appearance conceals it as a firearm."

The definition does not require the gun to be operable. The necessity of having an operable gun was decided in *People* v. *Williamson* (1918), 200 Mich 342. That case stated that the fact a pistol was unloaded does not preclude a conviction under this statute. Consequently, the fact that a pistol may be inoperable does not prevent conviction under this statute. This determination is in accord with what we wrote in *People* v. *Bailey* (1968), 10 Mich App 636, 640.

"Courts should look for reasonable rather than tortured interpretations of statutes, or exceptions thereto, so as to reflect the intent of the legislature. *Sergeant* v. *Kennedy* (1958), 352 Mich 494. 'Dan-

gerous weapons', when used in the statute, should not be narrowly construed by us."

Affirmed.
All concurred.