PEOPLE v STEVENS

Docket No. 78-1700. Submitted March 6, 1979, at Lansing.—Decided
     September 19, 1979. Leave to appeal applied for.

Defendant, Rodney W. Stevens, was charged with felonious as-
     sault. He had allegedly pointed a starter pistol at another. It is
     undisputed that the firing pin had been filed and the pistol was
     incapable of firing a bullet. The Jackson Circuit Court, Charles
     J. Fahalee, J., dismissed the charge, ruling that the inoperable
     pistol was not a "dangerous weapon" under the felonious
     assault statute. The people appeal. *Held:*

     If a victim perceives an object such as a handgun and
     believes that object to be a dangerous weapon, a prima facie
     case of felonious assault is made out.

     Reversed.

     M. F. CAVANAGH, J., dissented. He would hold that an instru-
     mentality incapable of firing a projectile is not a firearm and,
     therefore, cannot be a "dangerous weapon" under the felonious
     assault statute, regardless of the victim's perception. He would
     affirm.

OPINION OF THE COURT

1. ASSAULT AND BATTERY — WORDS AND PHRASES.

     A simple criminal assault is either an attempt to commit a
     battery or an unlawful act which places another in reasonable
     apprehension of receiving an immediate battery.

2. ASSAULT AND BATTERY — FELONIOUS ASSAULT.

     A prima facie case of felonious assault is made out where a
     victim perceives an object such as a gun and believes it to be a
     dangerous weapon; whether or not the gun is operable is
     irrelevant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 6 Am Jur 2d, Assault and Battery §§ 2-7.

Attempt to commit assault as criminal offense. 79 ALR2d 597.

[2-4] 6 Am Jur 2d, Assault and Battery §§ 48-54.

Fact that gun was unloaded as affecting criminal responsibility for
     assault. 79 ALR2d 1415.

Dissent by M. F. Cavanagh, P.J.

3. Assault and Battery — Felonious Assault.

  *The crime of felonious assault is established by proof of an assault plus the use of a dangerous weapon.*

4. Assault and Battery — Felonious Assault — Dangerous Weapon — Firearm — Statutes.

  *An instrumentality which is incapable of propelling a dangerous projectile cannot be a "firearm" or a "dangerous weapon" contemplated by the felonious assault statute (MCL 8.3t, 750.82; MSA 2.212[20], 28.277).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*Jacobs & Engle* (by *Frederick J. Gentner),* for defendant.

Before: M. F. Cavanagh, P.J., and Bashara and D. E. Holbrook, Jr., JJ.

Bashara, J. The majority of this panel accepts the factual findings of Judge Cavanagh. We differ in his conclusion that the pointing of an inoperable handgun loaded with live shells at the complaining witness does not amount to felonious assault.

The applicable statute, also set forth by Judge Cavanagh, provides that one who assaults another with a gun, without intending to commit great bodily harm, is guilty of a felony. We agree that the statute should be strictly construed. However, it is difficult to traverse around its plain meaning. When the statute speaks of a gun, it does not refer to its caliber, nor to its operability.

We are required to accept the definition of the term "assault" set forth in *People v Sanford,* 402

Mich 460, 479; 265 NW2d 1 (1978). The Supreme Court there unanimously declared that:

"We adopt what Perkins on Criminal Law (2d ed), p 117, says is the majority rule, namely 'a simple criminal assault "is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery" '."

This is the traditional subjective test of assault which examines the mind of the vicitm to determine whether that individual had a reasonable apprehension of an impending battery.

To say that an assault was not committed because the weapon involved was not operable misses the mark. If a victim perceives an object such as a handgun and believes that object to be a dangerous weapon, then a prima facie case of felonious assault is made out. *People v Williams,* 6 Mich App 412; 149 NW2d 245 (1967).

Given the facts of this case, the trial court was in error in dismissing the charge prior to trial.

Reversed.

D. E. HOLBROOK, JR., J., concurred.

M. F. CAVANAGH, P.J. *(dissenting).* A charge of felonious assault was brought against the defendant arising from an incident where defendant, as a passenger in one car, pointed a starter pistol at the occupants of another car after initially making obscene gestures and verbal comments towards them and prompting similar responses. The statute under which defendant was charged, MCL 750.82; MSA 28.277, required the use of a dangerous weapon in the assault. Prior to trial, the trial court granted defendant's motion to quash the

information based upon the parties' stipulation that the gun involved was totally inoperable as a firearm. The people appeal from the subsequent order of dismissal.

The stipulation below incorporated the findings of a police ballistics expert that indicated that the weapon was a starter pistol with a barrel that had been bored out, that it contained eight live .22-caliber shells but that its firing pin had been filed down to the point where it would be impossible to fire the weapon.

The trial court relied upon the definition of an inoperable firearm as given in Criminal Jury Instruction 17:4:05, to hold that one of the elements of the crime was missing. Because a penal statute was involved, the trial court construed it strictly and in a fashion most favorable to the accused. It was concluded that because the weapon was inoperable, it was not a "dangerous weapon". Since the crime of felonious assault requires the use of a dangerous weapon, the trial court determined the lower court magistrate had abused his discretion in binding the defendant over for trial. I would affirm the ruling of the trial court.

The statute under which defendant was charged reads as follows:

"Any person who shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony." MCL 750.82; MSA 28.277.

The crime of felonious assault is established by proof that shows an assault plus the use of a deadly weapon in perpetrating the assault. *People*

*v Richard Johnson,* 42 Mich App 544; 202 NW2d 340 (1972), *People v Hooper,* 36 Mich App 123; 193 NW2d 203 (1971).

The major contention of the people on appeal is that the alternate definitions of a simple criminal assault offered by our Supreme Court in *People v Sanford,* 402 Mich 460; 265 NW2d 1 (1978), should be held to apply to the charge of felonious assault in this case. The Supreme Court held that a case of simple criminal assault "is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery". *Sanford, supra,* 479. The people argue that under the latter definition, the alternative that focuses upon the victim's subjective apprehension of immediate injury, the relevant statutory language concerning the use of a dangerous weapon should be interpreted subjectively as well as objectively. That is, so long as the victim perceived that a firearm was being pointed at him it is immaterial that the firearm was totally inoperable. To support this line of reasoning the people rely on two cases that for purposes of the felonious assault statute held that an unloaded gun is a dangerous weapon. *People v Williams,* 6 Mich App 412; 149 NW2d 245 (1967), *People v Doud,* 223 Mich 120; 193 NW 884 (1923).

The *Williams* case resolved that a defendant charged with felonious assault was not entitled to an instruction directing that the jury acquit him if the gun involved was found to be unloaded. The opinion quoted from *Doud* and offered additional reasons for the *Doud* holding. The first was that "the purpose of the statute is to punish those who" cause a victim to be placed in a position of fear "by use of dangerous weapons". *Williams, supra,* 418. The second reason was the virtual impossibil-

ity of proving whether or not the shotgun in that case was loaded at the time of the assault.

There is an obvious distinction between an unloaded firearm and a firearm that is totally inoperable in that the former weapon is capable of being fired. The evidentiary problem concerning proof of whether or not a firearm is loaded is not present in this case. It is also quite clear that in both *Doud* and *Williams* the instrument used was a "dangerous weapon", albeit unloaded.

As defined by statute, MCL 8.3t; MSA 2.212(20), here the instrumentality employed by defendant was not a firearm since it was incapable of propelling a dangerous projectile, and was not, therefore, one of the weapons enumerated in the felonious assault statute. MCL 750.82; MSA 28.277. See also MCL 750.222; MSA 28.419.

Penal statutes are to be construed strictly, as well as in a manner that is most favorable to the accused. *People v Lockhart,* 242 Mich 491, 494; 219 NW 724 (1928), *People v Goulding,* 275 Mich 353, 358-359; 266 NW 378 (1936), *People v Buford,* 69 Mich App 27, 30; 244 NW2d 351 (1976). Accordingly, I would affirm the ruling of the trial court.