PEOPLE v SANCHEZ

Docket No. 45840. Submitted March 4, 1980, at Grand Rapids.—
Decided July 2, 1980.

Abel Sanchez was convicted of carrying a concealed pistol, Kala-
mazoo Circuit Court, Robert L. Borsos, J. The trial court
granted the defendant's motion for a new trial and, before the
new trial was held, dismissed the case on the ground that the
pistol involved was inoperable and therefore did not fall within
the statute prohibiting the carrying of a concealed weapon. The
people appeal. *Held:*

An inoperable handgun may be a "pistol" within the mean-
ing of the concealed weapons statute; an unloaded firearm may
be a "pistol" within the statute and there is no distinction
between an unloaded firearm and an inoperable one.

Reversed and remanded.

M. F. CAVANAGH, J., dissented. He would find that the dis-
tinction between an unloaded and an inoperable firearm is that
an unloaded firearm is capable of being fired. The test of
whether an inoperable pistol falls within the concealed weap-
ons statute should be the facility with which the pistol may be
made operable. In this case the pistol neither was capable of
operating nor could it have been altered to operate within a
reasonably short time. It therefore did not fall within the
concealed weapons statute. Judge CAVANAGH would therefore
affirm the dismissal.

OPINION OF THE COURT

1. WEAPONS — INOPERABLE FIREARMS — PISTOLS — STATUTES.

An inoperable handgun may be a "pistol" within the meaning of
the concealed weapons statute; an unloaded firearm may be a
"pistol" within the statute and there is no distinction between
an unloaded firearm and an inoperable one (MCL 750.227; MSA
28.424).

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 79 Am Jur 2d, Weapons and Firearms §§ 3, 16.
Fact that gun was unloaded as affecting criminal responsibility for
carrying gun. 79 ALR2d 1430.
[4] 73 Am Jur 2d, Statutes § 293 *et seq.*

DISSENT BY M. F. CAVANAGH, J.

2. WEAPONS — INOPERABLE FIREARMS — UNLOADED FIREARMS.

There is a distinction between an unloaded firearm and an inoperable firearm; an unloaded firearm is capable of being fired.

3. WEAPONS — INOPERABLE FIREARMS — STATUTES.

The question of whether a conviction of carrying a concealed weapon may be had where the weapon involved is an inoperable pistol should be directed toward the facility with which the pistol may be made operable; a pistol which does not meet the statutory definition of being capable of propelling a dangerous projectile and which cannot be altered to do so within a reasonably short time should not fall within the concealed weapons statute (MCL 8.3t, 750.227; MSA 2.212[20], 28.424).

4. CRIMINAL LAW — STATUTES — STRICT CONSTRUCTION.

Penal statutes are to be construed strictly and in a manner most favorable to the accused.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief Appellate Attorney, for the people.

*John V. Dughie,* for defendant on appeal.

Before: ALLEN, P.J., and M. F. CAVANAGH and C. W. SIMON,* JJ.

PER CURIAM. The defendant was convicted by a jury of carrying a concealed pistol, MCL 750.227; MSA 28.424. Prior to the submission of proofs, the parties had stipulated that the weapon involved, a pistol, was not operable.

In post-trial proceedings, the lower court first granted the defendant a new trial due to what it considered to be improper questioning and argument by the prosecutor. Later, the court dismissed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the case entirely on the ground that the inoperable pistol did not "fall within the statute prohibiting the carrying of a concealed weapon". The prosecution appeals.

The sole issue raised on appeal is whether an inoperable handgun may be a "pistol" within the meaning of the statute. We find the distinction between unloaded and inoperable firearms to be meaningless, and so are persuaded to follow the authority most directly addressing this issue: *People v Jiminez,* 27 Mich App 633; 183 NW2d 853 (1970), *lv den* 384 Mich 819 (1971).

There stands in the lower court record an order granting a new trial; that order is not affected by our decision in this appeal. The order dismissing the charges against the defendant is reversed, and the cause remanded for proceedings not inconsistent with this opinion.

M. F. CAVANAGH, J. *(dissenting).* I cannot agree with the majority's assertion that the distinction between unloaded and inoperable firearms is meaningless. On the contrary, I have found the distinguishing feature to be that an unloaded weapon is capable of being fired. *People v Stevens,* 92 Mich App 427, 432; 285 NW2d 316 (1979).

One of the police officers who apprehended defendant testified at trial that when defendant was placed in jail he told the officer that the pistol would not fire. The police tested the pistol, and in five attempts it failed to operate. It was the officer's opinion that the firing pin was either broken or jammed.

The remarks of the trial judge prefatory to finding that the inoperability of the pistol in this case precluded a conviction for carrying a concealed weapon clearly indicate that a variety of

factual contexts were considered, but that the facts in this case necessitated dismissal of the charge. For instance, the trial judge speculated that a conviction would be appropriate under circumstances where the pistol in issue had a firing pin that was removable, and that could be replaced in seconds, making the pistol operable. But he further opined that it would be hard to distinguish a pistol, such as the one in this case, which could not be readily made operable, from a starting pistol carried to a track meet by a coach or a cap pistol left in the family car by a child. He felt that a conviction in the latter instances would not be allowable.

I agree with this reasoning. It is not my intent to prescribe a hard and fast rule that any and all inoperable pistols would bar convictions under MCL 750.227; MSA 28.424. Rather, the inquiry should be directed towards the facility with which a pistol may be made operable. Such a test is reasonably suggested by the cases referred to in the trial court's opinion.

In *People v Moceri,* 294 Mich 483, 486; 293 NW 727 (1940), the pistol involved was a model whose manufacture had been discontinued some 30 years prior to its seizure. It was referred to as an obsolete model with a missing magazine that was commercially irreplaceable. Due to defendant's argument on appeal that the pistol could not be called a weapon, the Supreme Court ordered the pistol produced and affirmed the conviction, proclaiming, "It has been examined and found capable of being fired and, according to the testimony, the pistol contained a bullet at the time of the arrest". *Moceri,* 486.

Similarly, in *People v Piggee,* 27 Mich App 367; 183 NW2d 638 (1970), *lv den* 384 Mich 805 (1971),

defendant was found with a disassembled sawed-off shotgun on his person, *viz.*, the stock was detached from the barrel and firing mechanism. Apart from dismissing his arguments that a sawed-off shotgun did not fall within the proscriptions of the statute, the Court noted that, "There was testimony that it was possible to fire the weapon in the condition in which it was found, *i.e.*, without the stock attached". *Piggee,* 370.

On the other hand, the majority opinion in this case elects to follow *People v Jiminez,* 27 Mich App 633; 183 NW2d 853 (1970), *lv den* 384 Mich 819 (1971). That opinion asserted that the statutory definition of a pistol does not require the gun to be operable. It then proceeded as follows:

"The necessity of having an operable gun was decided in *People v Williamson* (1918), 200 Mich 342 [166 NW 917]. That case stated that the fact a pistol was unloaded does not preclude a conviction under this statute. Consequently, the fact that a pistol may be inoperable does not prevent conviction under this statute. This determination is in accord with what we wrote in *People v Bailey* (1968), 10 Mich App 636, 640 [160 NW 380]." *Jiminez,* 636.

I must respectfully disagree with that Court's statement that the cited *Williamson* case disposed of the issue of a gun's operability. In fact, in that regard, *Williamson* addressed only the question of whether an unloaded gun could prompt a conviction under the statute. *Williamson,* 349-350. There was no reference to the mechanical inoperability of the gun.

Nor do I agree with the subsequent assertion of the *Jiminez* quotation that their determination as to a gun's operability is in accord with the cited *Bailey* case. Defendant Bailey was prosecuted under the statute for carrying a sawed-off shotgun in his car. There also, there was no argument that

the weapon was inoperable. Rather, it appears that *Bailey* was referred to for its pronouncement that " 'Dangerous weapons', when used in the statute, should not be narrowly construed by us". *Bailey,* 640. This, I submit, is a misapplication of the cited opinion, *People v Gogak,* 205 Mich 260, 265; 171 NW 428 (1919), wherein the Supreme Court upheld the propriety of letting a jury decide whether a certain knife was a dangerous weapon even though knives were not specifically mentioned in the statute.

Both *Gogak* and *Bailey, supra,* stress the importance of following the intent of the Legislature in construing the statute. The latter case holds that intent to be, "* * * that weapons should not be carried where they might be used to take lives". It also concludes that the sawed-off shotgun was "* * * obviously a man-killing weapon". *Bailey,* 640. Another case further illustrates the intent of the Legislature concerning the statute, *i.e.,* "The purpose of the concealed weapons statute was to prevent men in sudden quarrel * * * from drawing concealed weapons and using them without prior notice to their victims that they were armed". *People v Clark,* 21 Mich App 712, 715-716; 176 NW2d 427 (1970).

The "pistol" taken from defendant in this case should not fall under the concealed weapons statute. It is not a firearm since it did not meet the statutory definition of being capable of propelling a dangerous projectile, MCL 8.3t; MSA 2.212(20), nor could it have been altered within a reasonably short time to do so. See also MCL 750.222; MSA 28.419 and MCL 752.841; MSA 28.436(11). It is incumbent upon this Court to construe penal statutes strictly and in a manner most favorable to the accused. *People v Stevens, supra,* 432 and the cases cited therein.

Accordingly, I would affirm the trial court.