14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Pablo R. JIMENEZ, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, a Delaware Corporation;
International Union, United Automobile, Aerospace
and Agricultural Implement Workers of
America, UAW; UAW Local 688,
Defendants-Appellees.
 No. 93-1579.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1993.
 
 Before JONES and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Pablo R. Jimenez, a pro se Michigan litigant, moves for a pretrial conference and a writ of mandamus on appeal from a district court judgment granting the defendants' motions for summary judgment in this hybrid Sec. 301 suit filed under the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The undisputed facts underlying the instant action are set forth in the district court's order granting defendants' motions for summary judgment and will not be repeated herein. Suffice it to say that Jimenez filed a civil suit in Saginaw Circuit Court against General Motors Corporation (GMC), International Union-UAW (International Union), and UAW Local 688 (Local 688), alleging (1) that GMC breached the collective bargaining agreement by "discharging" him in 1969; and (2) that both Local 688 and International Union breached their duty of fair representation by withdrawing his grievance filed nearly 18 years after his termination. Defendants removed the action to the United States District Court for the Eastern District of Michigan. The district court granted the defendants' motions for summary judgment. The court held that Jimenez's complaint was time-barred. Alternatively, the court held that Jimenez failed to meet his burden of showing either that GMC breached the collective bargaining agreement or that Local 688 breached its duty of fair representation.
 
 
 3
 Upon review, we affirm the district court's judgment as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 4
 The six-month limitations period set forth in 29 U.S.C. Sec. 160(b) applies to an employee's suit against an employer and the Union for breach of a collective bargaining agreement and duty of fair representation, respectively. See Del Costello v. International Bhd. of Teamsters, 462 U.S. 151, 169 (1983).
 
 
 5
 As the district court found, Jimenez knew, or clearly should have known, of any breach of the duty of fair representation sometime in July or August, 1987, when he was notified that Local 688 had withdrawn his grievance. Jimenez did not commence this action until June, 1992. On the surface, therefore, it would appear that the six-month limitations period expired. However, the running of the limitations period is tolled until internal union procedures for resolving the dispute have been exhausted. See Dunleavy v. Local 1617, United Steelworkers of America, 814 F.2d 1087, 1091 (6th Cir.1987). Jimenez argues that the statute began to run as of March 18, 1992, the date the Convention Appeals Committee (CAC) denied his request to rehear its September 18, 1991, decision affirming the dismissal of Jimenez's grievance.
 
 
 6
 The Constitution of the International Union does not provide for requests for rehearing but instead provides in Article 33, Sec. 3(e) that, "All decisions of the Convention Appeals Committee shall be final and binding." The fact that decisions of the CAC are final and binding means that there is no further appeal possible from its decision. Thus, although the six-month limitations period was tolled while Jimenez pursued internal appeals with his Union, the statute began to run as of September 18, 1991, the date CAC rendered its final and binding decision affirming the dismissal of Jimenez's grievance. The complaint filed in June of 1992, is therefore time-barred.
 
 
 7
 Even if Jimenez's complaint was timely, summary judgment was proper. Jimenez has failed to put forth any evidence to create a genuine issue of material fact on whether GMC breached the terms of the collective bargaining agreement. See Bagsby v. Lewis Bros., Inc., 820 F.2d 799, 801 (6th Cir.1987). First, Jimenez was not discharged. Jimenez signed a voluntary quit form indicating that he quit "to go back to school."
 
 
 8
 Second, even if it is assumed that he was discharged due to his felony conviction, GMC would have a valid reason for such action. Under applicable GM-UAW Umpire precedent, absence from employment due to incarceration upon conviction of a felony subjects an employee to discharge, unless the conviction is subsequently reversed. Jimenez was never exonerated of the Michigan convictions see People v. Jiminez, 183 N.W.2d 853 (Mich.Ct.App.1970), or the Texas convictions, see Jiminez v. Estelle, 557 F.2d 506 (5th Cir.1977). Thus, the absence from work due to incarceration in either Michigan or Texas or both does not fall within the exception allowable for confinement in jail. Therefore, Jimenez has failed to meet his burden to present evidence that GMC breached the collective bargaining agreement in connection with Jimenez's discharge from employment.
 
 
 9
 Moreover, Jimenez has failed to present any evidence that Local 688 acted in an arbitrary or discriminatory manner or in bad faith when it determined that his grievance lacked merit. See Vaca v. Sipes, 386 U.S. 171, 190 (1967). In any event, the record indicates that, despite Jimenez's eighteen years of delay in raising his claim, Local 688 proceeded with Jimenez's grievance until it learned that Jimenez had voluntarily left his employment with GMC. Moreover, after another two year delay, International Union considered Jimenez's grievance and concluded that it would lack merit even if Jimenez had been discharged. Because Jimenez failed to meet his burden of showing either that GMC breached the collective bargaining agreement or that Local 688 breached its duty of fair representation, the district court correctly granted summary judgment to the defendants.
 
 
 10
 For the foregoing reasons, the motion for a pretrial conference is denied, the motion for a writ of mandamus is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.