## PEOPLE v. LYONS.

1. CONSTITUTIONAL LAW—PANDERING—STATUTES.
    Act No. 63, § 3, Pub. Acts 1911, as amended by Act No. 284, Pub. Acts 1913 (3 Comp. Laws 1915, § 15496), was designed to prevent others than prostitutes or inmates of houses of prostitution from being the beneficiaries of moneys earned by such prostitutes or inmates and to create an offense other than that of pandering to which the title of the original act relates, and is unconstitutional.

2. SAME.
    Act No. 63, § 1, Pub. Acts 1911 (3 Comp. Laws 1915, § 15494), constitutes a legislative definition of the offense of pandering, and furnishes the test for determining whether the offense has been committed.

Error to recorder's court of Detroit; Connolly, J. Submitted April 12, 1917. (Docket No. 154.) Decided June 27, 1917.

Ben Lyons was convicted of pandering, and sentenced to imprisonment for not less than 10 nor more than 20 years in the State prison at Marquette. Reversed, and respondent discharged.

*Louis H. Wolfe* and *Edmund E. Shepherd,* for appellant.

*Alexander J. Groesbeck,* Attorney General, *Charles H. Jasnowski,* Prosecuting Attorney, and *Harry B. Keidan,* Assistant Prosecuting Attorney, for the people.

BIRD, J. Defendant was informed against in the recorder's court of the city of Detroit, the information charging that he did

"Wilfully, unlawfully, and feloniously knowingly accept, receive, levy and appropriate a certain sum of money, to wit, the sum of two ($2.00) dollars, in lawful money of the United States of America, of the value of two ($2.00) dollars, without giving consideration therefor, from the proceeds of the earnings of one Emma Lyons, a female person, she, the said Emma Lyons, being then and there a woman engaged in prostitution," etc.,

—contrary to the provisions of section 3 of Act No. 63 of the Public Acts of 1911, as amended by Act No. 284 of the Public Acts of 1913 (3 Comp. Laws 1915, § 15496), the same being generally known as the pandering act. Respondent having been convicted thereunder, he has removed the proceedings to this court upon writ of error.

The principal error relied upon is the refusal of the trial court to direct a verdict for the defendant on the ground that section 3 of said act is unconstitutional, because of defective title. Act No. 63 was passed by the legislature of 1911 and amended in 1913 by amending section 3. The title as originally passed in 1911 reads:

197—Mich.—5.

"An act relating to pandering, to define and prohibit the same, to provide for the punishment thereof, and for the competency of certain evidence at the trial thereof."

No change was made in this title at the 1913 session when section 3 was added. The act is somewhat lengthy, but we think it is necessary, to a proper understanding of the question raised, to quote sections 1 and 3 at length, omitting section 2:

"SECTION 1. Any person who shall procure a female inmate for a house of prostitution; or who shall induce, persuade, encourage, inveigle or entice a female person to become a prostitute; or who by promises, threats, violence or by any device or scheme, shall cause, induce, persuade, encourage, take, place, harbor, inveigle or entice a female person to become an inmate of a house of prostitution or assignation place, or any place where prostitution is practiced, encouraged or allowed; or any person who shall, by promises, threats, violence, or by any device or scheme, cause, induce, persuade, encourage, inveigle or entice an inmate of a house of prostitution or place of assignation to remain therein as such inmate; or any person who by promises, threats, violence, by any device or scheme, by fraud or artifice, or by duress of person or goods, or by abuse of any position of confidence or authority, or having legal charge, shall take, place, harbor, inveigle, entice, persuade, encourage or procure any female person to enter any place within this State in which prostitution is practiced, encouraged or allowed, for the purpose of prostitution, or to inveigle, entice, persuade, encourage or procure any female person to come into this State or to leave this State for the purpose of prostitution; or who takes or detains a female with the intent to compel her by force, threats, menace or duress to marry him or to marry any other person or to be defiled; or upon the pretense of marriage takes or detains a female person for the purpose of sexual intercourse; or who shall receive or give or agree to receive or give any money or thing of value for procuring or attempting to procure any female person to become a prostitute or to come into this State

or leave this State for the purpose of prostitution, shall be *guilty of pandering,* and upon conviction shall be punished by imprisonment for a term not more than thirty years.

"SEC. 3. Any person who shall knowingly accept, receive, levy or appropriate any money or other valuable thing without consideration from the proceeds of the earnings of any woman engaged in prostitution, or any person, knowing a female to be a prostitute, shall live or derive support or maintenance, in whole or in part, from the earnings or proceeds of the prostitution of said prostitute, or from moneys loaned or advanced to or charged against her by any keeper or manager or inmate of a house or other place where prostitution is practiced or allowed, shall be deemed guilty of a felony, and on conviction thereof shall be punished by imprisonment for a term of not more than twenty years. Any such acceptance, receipt, levy or appropriation of such money or valuable thing shall, upon any proceeding or trial for violation of this section, be presumptive evidence of lack of consideration." .

Section 1 of the act defines with great particularity what acts shall constitute the offense of pandering. It is a legislative definition of that offense, and it is to this definition we must look as a test in determining whether in any given case the offense has been committed. By section 3 other and different acts are declared to be an offense, but such acts are not included within the legislative definition; therefore such acts cannot be said to constitute the offense of pandering. Section 1 seeks to prevent females from becoming prostitutes and from becoming inmates of houses of prostitution, while section 3 seeks to prevent others from being the beneficiaries of moneys earned by them in prostitution—quite a different subject of legislation. The latter offense not being included within the legislative definition of pandering, we must conclude that another and different offense was attempted to be ingrafted onto the act of 1911 by the legislature of 1913 under its original title. This was not permissible

under the constitutional provision. Section 3 of the act must be eliminated and declared to be invalid and of no force.

The judgment of conviction will be set aside, and the respondent discharged.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.