PEOPLE *v.* LOCKHART.

1. STATUTES—CONSTITUTIONAL LAW—PANDERING.
   Act No. 330, Pub. Acts 1925, amending Act No. 63, Pub.
   Acts 1911, relating to the offense of pandering and pro-
   viding a penalty therefor, is not open to the objection that
   it is unconstitutional; the defects in the original act being
   remedied by the amending act.

2. SAME—CONSTRUCTION OF STATUTE.
   It is the duty of the court to sustain rather than destroy
   a legislative enactment if such result can be justly ob-
   tained.

3. SAME—CRIMINAL LAW.
   It is the duty of the court, having due regard for other
   rules of construction, to construe the penal provisions
   of statutes in a manner most favorable to the accused.

4. SAME—STATUTE MUST BE CONSTRUED MOST FAVORABLY TO AC-
   CUSED.
   If a statute contains a patent ambiguity, and admits of
   two reasonable and contradictory constructions, that which
   operates in favor of a party accused under its provisions
   is to be preferred.

5. SAME — PANDERING—INCONSISTENT MAXIMUM SENTENCES DOES
   NOT INVALIDATE ACT.
   That Act No. 330, Pub. Acts 1925, provides two incon-
   sistent maximum penalties for the offense of pandering,
   one of 30 years and another of 20 years, does not render
   it unconstitutional; but it is the duty of the court to con-
   strue it as providing for a maximum sentence of 20 years.

6. CRIMINAL LAW—PANDERING—EXAMINATION OF HOSTILE WITNESS.
   Where, in a prosecution for pandering, the people were
   compelled to call defendant's woman confederate as a
   witness because her testimony was indispensable, there
   was no error in allowing her examination to proceed on
   the theory that she was a hostile witness; the record

[1]Prostitution, 32 Cyc. p. 733; Statutes, 36 Cyc. p. 1055; [2]Con-
stitutional Law, 12 C. J. § 220; Statutes, 36 Cyc. p. 1103; 6 R.
C. L. 78, 79; 2 R. C. L. Supp. 18; 4 R. C. L. Supp. 378; 5 R.
C. L. Supp. 317; 6 R. C. L. Supp. 353; 7 R. C. L. Supp. 171;
[3]Statutes, 36 Cyc. p. 1183; 25 R. C. L. 1084; 4 R. C. L. Supp. 1621;
5 R. C. L. Supp. 1365; 6 R. C. L. Supp. 1504; [5]Criminal Law,
16 C. J. §§ 3187, 3203; [6]Witnesses, 40 Cyc. p. 2476.

disclosing that she admitted committing perjury in an effort to shield defendant.

7. SAME—TRIAL—CONDUCT OF COUNSEL—REMARKS OF COURT.
   Where defendant's counsel continued to make objections to the examination of a hostile witness which were wholly without merit, it was not reversible error for the trial court to admonish him to make proper objections, with the remark that as a lawyer counsel ought to know what impeachment is.

8. SAME—TRIAL—INSTRUCTIONS AS TO "KNOWINGLY" COMMITTING OFFENSE OF PANDERING.
   In a prosecution under Act No. 330, Pub. Acts 1925, for pandering, an objection that the trial court, in stating to the jury the offense as set forth in the information, omitted the word "knowingly," *held*, without merit; the record showing that at the outset the court properly charged the jury in that respect, and later said that "the law aims to punish those who knowingly" commit said offense.

9. SAME—INSTRUCTION AS TO OTHER OFFENSES NOT PREJUDICIAL.
   Where there was testimony from which it might have been inferred that defendant was guilty of other and serious offenses, an instruction that other acts in the past did not prove his guilt in the case at bar was not prejudicial, since it is obvious that it was given to protect his rights.

Error to recorder's court of Detroit; Cotter (Thomas M.), J. Submitted January 12, 1928. (Docket No. 119.) Decided June 4, 1928.

Charles Lockhart was convicted of pandering, and sentenced to imprisonment for not less than 5 nor more than 20 years in the Detroit house of correction. Affirmed.

*George F. Curran,* for appellant.

*William W. Potter,* Attorney General, and *Robert M. Toms,* Prosecuting Attorney, for the people.

NORTH, J. The defendant was convicted of pander-

---

[7]Criminal Law, 17 C. J. § 3637; [8]Prostitution, 32 Cyc. p. 736 (Anno); [9]Criminal Law, 17 C. J. § 3688.

ing and sentenced from 5 to 20 years in the Detroit house of correction. He has brought the case here by writ of error. The information contained three counts, each charging acts which constitute pandering. The jury found a verdict of not guilty as to the second and third counts, and hence we are concerned only with the regularity of the conviction of the defendant for having committed the offense as charged in the first count. This count is as follows:

"That Charles Lockhart, late of the city of Detroit, in said county, heretofore, towit, on the thirtieth day of June, A. D. 1926, at said city of Detroit in the county aforesaid, did then and there knowingly accept, receive, levy and appropriate certain money, towit, the sum of five dollars, without consideration, from the proceeds of the earnings of one.............., a woman, then and there engaged in prostitution, contrary to the form of the statute," etc.

The principal question presented by defendant's assignments of error is that section 3 of Act No. 330, Pub. Acts 1925, is unconstitutional. In support of this contention, the appellant primarily relies upon *People* v. *Lyons,* 197 Mich. 64, in which it was held that this same section as embodied in Act No. 63, Pub. Acts 1911 (3 Comp. Laws 1915, § 15496), was unconstitutional. But this determination was placed upon the sole ground that the various misdeeds which were made felonies by section 3 of the act of 1911 were not within the statutory definition of pandering as contained in section 1 of that act; and therefore section 3 was not within the title of the act which related to pandering only. For this reason section 3 was held to be in violation of section 21, article 5, of the Michigan Constitution, which provides:

"No law shall embrace more than one object, which shall be expressed in its title."

But the subsequent amendment of this statute (Act No. 330, Pub. Acts 1925) remedied this defect by

broadening the statutory definition of pandering as defined in section 1, so that it specifically includes the felonies embodied in section 3 of the act. This clearly brings section 3 within the title and overcomes the constitutional objection which was the sole basis of the decision in *People* v. *Lyons, supra.*

There are two inconsistent penalties provided in this statute as amended by Act No. 330, Pub. Acts 1925. Section 1 provides a maximum penalty of 30 years, while section 3 provides a maximum penalty of 20 years for the same offense. The defendant contends that this renders the provisions of the act indefinite and uncertain, and therefore it is unconstitutional. We think this contention is not well founded. It is the duty of this court to sustain rather than destroy a legislative enactment if such a result can be justly obtained. *People* v. *Stickle,* 156 Mich. 557. It is also the duty of this court, having due regard for other rules of construction, to construe the penal provisions of statutes in a manner most favorable to the accused.

"If the statute contains a patent ambiguity, and admits of two reasonable and contradictory constructions, that which operates in favor of a party accused under its provisions is to be preferred." 25 R. C. L. p. 1084.

See, also, *Weirich* v. *State,* 140 Wis. 98 (121 N. W. 652, 22 L. R. A. [N. S.] 1221). Applying these rules of construction to this statute, we hold it is not in violation of the Constitution, but that it must be construed as providing a maximum penalty of 20 years. The trial judge so construed the conflicting provisions of this statute, and imposed a maximum sentence of 20 years. In so doing he fully protected the rights of the accused.

Numerous assignments of error urged in behalf of the defendant relate to rulings of the trial court which allowed the prosecuting attorney to proceed with the

examination of the female witness, who was defendant's confederate in the commission of this offense, on the theory that she was a hostile witness. The record discloses that the trial court was entirely justified in so doing. The people were compelled to call this young woman as a witness. Her testimony was indispensable to the prosecution's case. Before the trial was concluded she frankly admitted that she had committed perjury in the earlier part of her testimony, and this was clearly done in an attempt to shield the defendant. Objections to the above method of examining this witness were so persistently made by defendant's attorney that the following colloquy finally passed between the court and counsel:

"I am glad to have you make objections if there is some good sense back of them, if they are proper objections. You are a lawyer; you know what impeachment is; you ought to know it by this time.

*"Defendant's attorney:* 'All right."

Because of the numerous objections just previously made by defendant's counsel, which were much to the same point and wholly without merit, the trial court surely had some provocation for admonishing counsel in an effort to proceed with the trial orderly and expeditiously; and, under the record presented, we would not be justified in holding that this remark of the court constituted reversible error.

Two of the assignments of error relate to the charge to the jury. In one instance complaint is made that the court omitted the word "knowingly" in stating to the jury the offense as set forth in the first count of the information. The charge as given is not subject to this criticism. At the outset the court said the information charges that the defendant did *knowingly* accept, receive, etc. Again, and on the very page of the printed charge to which this assignment of error relates, the court said "the law aims to punish those

who *knowingly* accept, receive, appropriate, and levy money from a prostitute coming out of her earnings without a consideration." The other assignment relating to the charge is that because the court said: "The fact that one has committed crimes or has been charged with other acts in the past does not prove his guilt; it does not tend to prove the case at bar," the jury improperly drew the inference from this statement that the defendant had committed other offenses or had been charged therewith. The charge of the court is not subject to this construction, and obviously the portion quoted was given in an effort by the trial judge to fully protect the rights of the defendant in the face of the fact that there was testimony in this case from which it might well have been inferred that he was guilty of other and serious offenses.

Many of the assignments of error contained in the record have been withdrawn by defendant's counsel. Those not so withdrawn and not hereinbefore discussed have been given careful consideration, but we find them to be without merit and such that it would not be helpful to the profession to discuss them here. The guilt of the accused is conclusively shown by the record, and we find no good reason for setting aside his conviction.

The judgment of the lower court is affirmed.

Fellows, Wiest, Clark, McDonald, and Sharpe, JJ., concurred.

The late Chief Justice Flannigan did not sit.

The late Justice Bird took no part in this decision.