KENTWOOD *v* STANABACK

1. CRIMINAL LAW—CONSTITUTIONAL LAW—STATUTES—DEFINITENESS.
   Criminal statutes must so clearly define the actions upon which the penalty is pronounced that no ordinary person can fail to understand his duty and the departure therefrom which the law attempts to make criminal.

2. CRIMINAL LAW—STATUTES—PATENT AMBIGUITY—CONSTRUCTION.
   A criminal statute containing a patent ambiguity which admits of two reasonable and contradictory constructions requires the court to construe the statute in a manner most favorable to the accused.

3. CRIMINAL LAW—ORDINANCES—PATENT AMBIGUITY—CONSTRUCTION.
   Defendant was entitled to have a complaint charging him with failure to enclose his swimming pool as required by the local building code quashed where the ordinance imposed the duty of enclosure on those who had land on which was built a swimming pool, fish pond or other body of water which *constitutes an obvious hazard,* the ordinance is ambiguous as to whether "which constitutes an obvious hazard" modifies "swimming pool" or only any "other body", because the ordinance must be construed in a manner most favorable to the defendant.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 January 7, 1972, at Grand Rapids. (Docket No. 11110.) Decided January 25, 1972.

Kenneth Stanaback was convicted of violating the Village of Kentwood's Building Code. Defendant

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law § 579 *et seq.*
[3] Statutes, ordinances, or regulations relating to private residential swimming pools, 92 ALR2d 1283.

appealed to the circuit court. Affirmed. Defendant appeals by leave granted. Reversed.

*Vander Veen, Freihofer & Cook* (by *Bruce A. Barnhart*), for plaintiff Village of Kentwood.

*McDonald, Anderson & Swets,* for defendant.

Before: Fitzgerald, P. J., and R. B. Burns and Targonski,* JJ.

Per Curiam. Defendant owns an unfenced swimming pool. Section 429.82 of the Kentwood Building Code provides:

"Swimming Pool Safety Devices. Every person owning land on which there is situated a swimming pool, fish pond or other body of water *which constitutes an obvious hazard* and contains twelve (12) inches or more of water in depth at any point, shall erect and maintain thereon an adequate enclosure either surrounding the property or pool area, sufficient to make such body of water inaccessible to small children." (Emphasis supplied.)

Refusing to enclose his pool, defendant was charged and subsequently convicted of violating the ordinance. The question upon which we are asked to pass is whether the ordinance requires enclosures for all swimming pools or only for those which constitute an "obvious hazard".

The defendant moved to quash the complaint on the ground that the complaint did not charge that the defendant's swimming pool was an obvious hazard. The trial judge denied the motion.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The plaintiff contends that the clause "which constitutes an obvious hazard" modifies only "or other body of water".

The defendant maintains that the clause "which constitutes an obvious hazard" modifies "swimming pool, fish pond or other body of water".

As stated in *People* v *Goulding*, 275 Mich 353, 359 (1936): "Criminal statutes must so clearly define the acts upon which the penalty is denounced that no ordinary person can fail to understand his duty and the departure therefrom which the law attempts to make criminal."

In *People* v *Lockhart*, 242 Mich 491, 494 (1928), the Court said:

"It is also the duty of this Court, having due regard for other rules of construction, to construe the penal provisions of statutes in a manner most favorable to the accused.

" 'If the statute contains a patent ambiguity, and admits of two reasonable and contradictory constructions, that which operates in favor of a party accused under its provisions is to be preferred.' 25 RCL p 1084."

In our opinion the ordinance is ambiguous and should be interpreted as contended by the defendant. The trial judge should have quashed the complaint.

Reversed.