PEOPLE v SLIPSON

Docket No. 82078. Submitted October 17, 1985, at Lansing. Decided
    August 19, 1986.

James H. Slipson, in two separate cases, was bound over for trial
    in Oakland Circuit Court on charges of inducing, persuading,
    encouraging, inveigling, or enticing a female person to become
    a prostitute. The Oakland Circuit Court, Robert C. Anderson,
    J., granted defendant's motion to quash the informations and
    dismissed the charges against defendant, finding that defendant
    believed that one complainant was currently a prostitute and
    that the other had actually been convicted of prostitution prior
    to contact with defendant and that defendant therefore could
    not knowingly entice the complainants to become prostitutes.
    The people appealed.

    The Court of Appeals *held:*

    1. No abuse of discretion by the examining magistrates was
    necessary for the circuit court to quash the informations and
    dismiss the charges. The circuit court accepted the magistrates'
    findings of fact and dismissed the charges as a matter of law.

    2. The circuit court correctly found that defendant reason-
    ably believed that one complainant, an undercover police offi-
    cer, was currently engaged in prostitution when he solicited
    her and, thus, could not have knowingly induced her to become
    a prostitute, as is required for conviction under the statute.

    3. The circuit court correctly quashed the information and
    dismissed the charge against defendant in the other case,
    where the complainant admittedly had been engaged in prosti-
    tution five to six months before defendant solicited her. A
    period of time somewhat longer than five or six months must
    pass before a person convicted of prostitution may no longer be
    considered a prostitute and be able to be induced to become a
    prostitute for purposes of the pandering statute.

    Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 408-420.

Am Jur 2d, Prostitution §§ 15-30.

Entrapment defense in sex offense prosecution. 12 ALR4th 413.

See also the annotations in the ALR3d/4th Quick Index under
    Preliminary or Pretrial Matters.

J. P. NOECKER, J., dissented. He would hold that the circuit judge not only substituted his judgment for that of the examining magistrates but also made impermissible findings of fact. Further, he would hold that the question of what defendant believed about the undercover police officer, insofar as the element of knowingly enticing is concerned, and the questions of whether the other complainant actually engaged in prostitution five to six months prior to her contact with defendant in addition to being convicted of and sentenced for prostitution at that time and whether a period of five or six months is sufficiently long for a convicted prostitute to no longer be considered a prostitute are questions of fact for a jury to decide. He would reverse and remand for trial.

### OPINION OF THE COURT

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — APPEAL — REVERSAL OF MAGISTRATE'S DECISION.

    A trial court may substitute its judgment for that of an examining magistrate where the trial court accepts the magistrate's findings of fact and applies those facts to the statute involved in determining that the magistrate erroneously bound the defendant over for trial.

2. CRIMINAL LAW — PANDERING.

    A defendant cannot be convicted of inducing a person to become a prostitute if that person is already a prostitute or the defendant reasonably believes that the person is already a prostitute (MCL 750.455; MSA 28.710).

3. CRIMINAL LAW — PANDERING.

    The passage of five or six months is not a sufficiently long enough period for a convicted prostitute to no longer be considered a prostitute so as to again be able to be induced to become a prostitute for purposes of the pandering statute (MCL 750.455; MSA 28.710).

### DISSENT BY J. P. NOECKER, J.

4. CRIMINAL LAW — PRELIMINARY EXAMINATION — APPEAL.

    *A magistrate's determination at a preliminary examination should not be disturbed unless a clear abuse of discretion is demonstrated.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief

Appellate Counsel, and *John L. Kroneman,* Assistant Prosecuting Attorney, for the people.

*Richard Paul Zipser,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and BEASLEY and J. P. NOECKER,* JJ.

BEASLEY, J. After preliminary examination in the 44th District Court, on July 8, 1983, defendant, James Harold Slipson, was bound over to the Oakland Circuit Court on a charge of inducing, persuading, encouraging, inveigling or enticing a female person to become a prostitute, contrary to MCL 750.455; MSA 28.710 (Case No. 83-59256 FY). In a separate case, after preliminary examination in the 43rd District Court, on August 30, 1983, defendant was bound over to the Oakland Circuit Court on an identical charge (Case No. 83-59868 FH). On July 30, 1984, the Oakland Circuit Court granted defendant's motion to quash the informations and dismissed the charges against him in both cases. The prosecutor appeals as of right.

In both cases, the trial judge found that the facts elicited at the preliminary examination could not support a charge of pandering under the statute, which states in pertinent part:

> Any person who shall . . . induce, persuade, encourage, inveigle or entice a female person to become a prostitute . . . shall be guilty of a felony
> . . . .

The trial judge noted that in both cases defendant either believed that the complainant was currently a prostitute (Case No. 83-59256 FY) or that the complaintant had actually been convicted

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of prostitution prior to contact with defendant (Case No. 83-59868 FH). Thus, the circuit court judge concluded that defendant could not knowingly entice these complainants "to become" prostitutes. Consequently, the trial judge quashed both informations against defendant as a matter of law.

The trial judge based his conclusion on two factors. First, the language of the current pandering statute, which requires a defendant to induce, persuade, encourage, etc., a female person "to become" a prostitute. Second, the 1893 Michigan Supreme Court decision in *People v Cook*,[1] which held that the predecessor to the current pandering statute, which also used the "become" language, did not apply to females already engaged in prostitution.

Initially, the prosecutor argues on appeal that the trial judge could not reverse the district court's decisions unless it appeared on the record that there had been an abuse of discretion. This is a true statement of the law as it pertains to findings of fact.[2] But, in this case, the trial court accepted the magistrates' findings of fact and merely applied those facts to the statute involved. Thus, the trial judge made his ruling as a matter of law, and no abuse of discretion by the magistrates was necessary for reversal.

Reviewing the trial court's decision as a matter of law, the case most directly on point is *Cook, supra.* In that case, the complainant admitted that she had been engaged in prostitution at the time the defendant approached her to work in his "sporting house." The Court held that the jury must be allowed to determine if the complainant was already engaged in prostitution when induced

---

[1] 96 Mich 368; 55 NW 980 (1893).

[2] See *People v Talley,* 410 Mich 378, 385; 301 NW2d 809 (1981) (assessment of the credibility of witnesses).

by the defendant to merely change locations of her operation. If the jury were to find that she was engaged in prostitution at the time the defendant solicited her, the defendant would have to be acquitted, since he could not induce her to become a prostitute, as is required for conviction under the pandering statute, when she was already a prostitute.

We agree with the holding in *Cook, supra,* as it pertains to MCL 750.455; MSA 28.710. In fact, this Court has favorably acknowledged the *Cook* interpretation in its recent decision of *People v Rocha.*[3] Therefore, if the facts revealed at the preliminary examinations in the within cases indicate that the complainants were currently engaged in prostitution, the trial court properly dismissed the charges against defendant.

In examining the facts, we look at each case separately. In Case No. 83-59256 FY, the complainant was an undercover police officer who testified at the preliminary examination that she had never actually engaged in prostitution. However, she went on to testify that when defendant interviewed her for a job in his "escort service," she told him that she had had past "escort" experience and did not want to mix up her current clients with his. The trial judge found that defendant reasonably believed that the undercover police officer was currently engaged in prostitution when he solicited her and, thus, could not have knowingly induced her "to become" a prostitute, as required for conviction under the statute.[4] We agree with the trial court's application of the law to the facts of this case. The trial court's order

---

[3] 110 Mich App 1, 15; 312 NW2d 657 (1981), lv den 413 Mich 912 (1982).

[4] *People v Lockhart,* 242 Mich 491; 219 NW 724 (1928).

quashing the information in Case No. 83-59256 FY is affirmed.

`   In Case No. 83-59868 FH, the complainant admitted that she had been convicted of accosting and soliciting (engaging in prostitution) in November, 1982, and placed on probation for one year. She testified that she never told defendant that she had previously engaged in prostitution.

The trial judge found that complainant was engaged in prostitution at the time defendant contacted her and, thus, dismissed the charges against defendant pursuant to *Cook, supra.* The prosecutor argues that the facts in this case are distinguishable from the facts in *Cook* because complainant was no longer clearly engaged in prostitution when defendant solicited her. As indicated, she had been on probation and, presumably, not engaging in prostitution. Thus, the issue is whether someone admittedly engaged in prostitution in November, 1982, can be induced "to become" a prostitute for purposes of the statute in April, 1983. We do not believe so.

While at some future point in time a person convicted of prostitution in the past may no longer be considered a prostitute so as to be able to be induced "to become" a prostitute again for purposes of the pandering statute, five or six months is not long enough. The circuit court was correct in quashing the information.

Affirmed.

V. J. BRENNAN, P.J., concurred.

J. P. NOECKER, J. *(dissenting).* While I agree with the majority opinion's legal interpretation, I disagree with its analysis of the issue and its result. I therefore dissent in both 83-59256 and 83-59868.

As the majority opinion states, the trial (circuit)

judge in ruling on the motions to quash *"found"* that the defendant reasonably believed the police officer to be concurrently engaged in prostitution when interviewed by the defendant for the job and *"found"* that the complainant in 83-59868 was already a prostitute (emphasis supplied). Such is not the province of a circuit judge in reviewing the record of a preliminary examination.

> It is well-settled that the standard to be observed in reviewing a magistrate's determination at preliminary examination is that the reviewing court should not disturb the determination of the magistrate unless a clear abuse of discretion is demonstrated. [*People v Doss,* 406 Mich 90, 101; 276 NW2d 9 (1979).]

It appears that the circuit judge here not only substituted his judgment for that of the magistrates, but made findings of fact as well.

In 83-59256 the circuit judge found that defendant reasonably believed the undercover officer to be currently engaged in prostitution based upon her statement to defendant that she had past "escort" experience and did not want to mix up her current clients with his. Such is certainly a permissible inference.

However, it is an equally appropriate inference to conclude that defendant did not believe the officer's statement because he required her to submit to him so he could teach her "shortcuts of the profession."

I would hold that what the defendant believed, insofar as the element of knowingly enticing is concerned, is a question of fact for the jury.

In 83-59868 the circuit judge found the complainant to be a prostitute based only upon the fact that she had been placed on probation in

November, 1982, for prostitution. In analyzing the element of whether she could become a prostitute, the majority, while conceding that a convicted prostitute may at some future time no longer be considered a prostitute, concludes that a five to six month lapse of time is not long enough. This, of course, assumes that the complainant engaged in prostitution in November, 1982, in addition to being convicted and sentenced at that time, a fact which does not appear in the record.

I would also hold that this issue is a question of fact to be determined at trial. *People v Cook,* 96 Mich 368, 372; 55 NW 980 (1893).

I would reverse.