# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

HAROLD L. WILSON II,

Defendant-Appellant.

UNPUBLISHED
October 4, 2016

No. 326299
Genesee Circuit Court
LC No. 14-035325-FH

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by leave granted his sentence of 16 to 48 months' imprisonment for failure to comply with the Sex Offender Registry Act (SORA), MCL 28.721 *et seq*. Defendant was convicted pursuant to his plea of guilty, however he argues that the particular provisions he pled to violating are facially unconstitutional, that the trial court improperly scored one of his sentencing guidelines offense variables (OVs), his presentence investigation report (PSIR) was inaccurate, and his sentence was disproportionate to his crime. We reverse and remand.

## I. BACKGROUND

On September 17, 2013, while on parole for a crime for which defendant was required to register under SORA, defendant's parole officer found an electronic tablet in defendant's possession. Upon further investigation, the tablet revealed that defendant had created an email account and a Facebook account on September 3, 2013. Contrary to MCL 28.721, defendant had not registered or reported either account to the Michigan State Police within three business days. Subsequently, defendant was charged with two counts of violating SORA, contrary to MCL 28.727(6). The defendant agreed to enter a plea of guilty to count one, in exchange for a dismissal of count two and an agreement not to seek habitual offender enhancement.[1] This Court subsequently granted defendant's delayed application for leave to appeal.

## II. STANDARD OF REVIEW

---

[1] As will be discussed, there is some uncertainty as to what these two counts entailed.

-1-

Defendant did not raise a constitutional challenge in the trial court, so it is unpreserved. See *People v Bowling*, 299 Mich App 552, 557; 830 NW2d 800, 803 (2013). Because it is unpreserved, our review is limited to assessing plain error affecting defendant's substantial rights, meaning a "clear or obvious" error that caused actual prejudice. *People v Vandenberg*, 307 Mich App 57, 61; 859 NW2d 229 (2014). To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, and 3) the plain error affected substantial rights. *United States v Olano*, 507 US 725, 731-734; 113 S Ct 1770; 123 L Ed2d 508 (1993). The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. *Id.* "It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *Id.* Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error "'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *Id*. at 736-737.

Defendant's appeal asserts that MCL 28.725(1)(f) and MCL 28.727(1)(i), the two specific provisions he was charged with violating, are unconstitutional. More precisely, he argues that the prohibitions are unclear, so due process requires them to be found void for vagueness. See *People v Howell*, 396 Mich 16; 238 NW2d 148 (1976).

A statute may be challenged for vagueness when it fails to provide notice of the proscribed conduct or when it confers unfettered discretion to those charged with its enforcement to determine if the statute has been violated. *People v Rogers*, 249 Mich App 77, 106; 641 NW2d 595, 611 (2001). When considering the constitutionality of a statute, courts presume that the statute is constitutional unless it is readily apparent that it is unconstitutional. *Vandenberg*, 307 Mich App at 62. A statute that is so vague that people of ordinary intelligence must guess at its meaning and will disagree over its application violates due process of law. *People v Herron*, 68 Mich App 381, 382; 242 NW2d 584 (1976), citing *Lanzetta v New Jersey*, 306 US 451, 453; 59 S Ct 618; 83 L Ed 888 (1939). When analyzing a statute for unconstitutional vagueness, reviewing courts consider both the text of the entire statute and any related judicial construction. *Vandenberg*, 307 Mich App at 62. A statute will not be found vague "if the meaning of the words in controversy can be fairly ascertained by reference to judicial determinations, the common law, dictionaries, treatises, or their generally accepted meaning." *People v Vronko*, 228 Mich App 649, 653; 579 NW2d 138 (1998) (internal citations omitted). Furthermore, "[i]f a statute contains a patent ambiguity, and admits . . . two reasonable and contradictory constructions, [the one] which operates in favor of [the] accused . . . is to be preferred." *People v Lockhart*, 242 Mich 491, 494; 219 NW 724, 725 (1928); see also, *Weirich v State*, 140 Wis 98; 121 N W 652 (1909). Defendant bears the burden of proof. *Vandenberg*, 307 Mich App at 62.

III.  ANALYSIS

A.  PLAIN ERROR

As alluded to above, it is unclear which provision of SORA defendant was actually charged with violating. The complaint, signed by the prosecutor, charges defendant with violating MCL 28.727(6), which provides that an individual shall not knowingly provide false or misleading information concerning a registration, notice, or verification. However, the factual basis for defendant's plea appears to be a violation of MCL 28.725(1)(f), even though defendant was under the impression that he had violated MCL 28.727(1)(i). Because the inconsistency appears to be real, and the prosecutor has not asserted otherwise, we accept that it is not clear whether defendant's actions were considered a violation of MCL 28.725(1)(f) or MCL 28.727(1)(i).

"SORA is a conviction-based registration statute that requires individuals convicted of certain 'listed offenses' to register as sex offenders." *People v Dowdy*, 489 Mich 373, 379-380; 802 NW2d 239 (2011); quoting MCL 28.722(e). When reading MCL 28.725(1)(f) in concert with MCL 28.727(1)(i), it is clear and unambiguous that these provisions not only have conflicting requirements, but are actually counterintuitive. MCL 28.727(1)(i) only requires an individual to report email addresses that are assigned to or "routinely used" by them. Because a plain reading of this requirement indicates that it covers less than *all* such email addresses, it may have been intended to omit any such email addresses that are utilized only once or very rarely.[2] On the other hand, MCL 28.725(1)(f) requires individuals to make an immediate[3] and in-person report of *any* electronic mail or instant message address, or any other designations used in internet communications or postings. MCL 28.717(1)(i) does not address the *intended* "routine" use of an email address, but rather the actual routine use of an email address, which cannot necessarily be determined by the time an individual is required to report it under MCL 28.725(1)(f). Furthermore, a provision requiring *all* email addresses to be reported would render nugatory a provision requiring only *some* email addresses to be reported.

Therefore, MCL 28.725(1)(f) effectively usurps any leniency that is afforded to individuals under MCL 28.727(1)(i). This type of conflict requires an individual to either guess as to which provision will apply to them, or face the consequences of being non-compliant. Stated another way, MCL 28.727(1)(i) makes MCL 28.725(1)(f) irrelevant because an individual cannot abide by both at the same time. An individual cannot create an email account or other internet identifier, establish a routine use, and immediately report it in person—all of which must be done within three days. Additionally, we are bound to hold that "routinely used" independently renders MCL 28.717(1)(i) unconstitutionally vague.

In *Doe v Snyder*, 101 F Supp 3d 672 (2015), rev'd on other grounds sub nom *Does v Snyder*, ___ F 3d ___ (CA 6, 2016) (Docket No. 15-1536/2346/2486, 2016 WL 4473231), the plaintiffs argued that the phrase "routinely used" was unconstitutionally "vague and undefined." *Doe*, 101 F Supp 3d at 686. Quoting *Webster's Third New International Dictionary* (3d ed), the *Doe* court defined "routine" as "a standard practice," "the habitual method of performance of established procedures," and "of a commonplace or repetitious character." *Id.* at 688 (internal

---

[2] "Routinely" is not defined by state.

[3] "Immediately" is defined as "within 3 business days." MCL 28.722(g).

-3-

quotation marks omitted). The court found that while the term "routinely" suggested that "some degree of normal repetition" was necessary, its meaning was not "sufficiently concrete" to provide fair notice of the proscribed conduct or provide standards for law enforcement to administer the reporting requirements. *Id.* The court additionally found that the ambiguity could leave "registrants of ordinary intelligence unable to determine when the reporting requirements are triggered." *Id.* at 690–691.

Standing alone, decisions from federal courts are of persuasive authority only. However, this Court has already adopted the *Doe* analysis. *People v Solloway*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 324559, slip op at p 6). In *Solloway* , the defendant admitted to utilizing and having an email address of which his probation officer or other public safety officers were unaware. *Id.* The defendant argued that his convictions under SORA must be vacated because the provisions under which he was convicted were found unconstitutionally vague. *Id.* Ultimately, this court vacated the defendant's convictions for failing to comply with SORA. The case at bar arguably features even greater ambiguity.

When looking at SORA as a whole, *Vandenberg*, 307 Mich App at 62, more questions are raised as to the definition of "routinely used." If a registrant was to abide by MCL 28.727(1)(i) by reporting their "routinely used" internet identifiers, or email address that have been used with some degree of repetition, and reported them once that repetition was achieved, then they would actually be in violation of MCL 28.725(1)(f) by failing to immediately report the same. Furthermore, MCL 28.727(1)(i) gives registrants some leniency to utilize an email on occasion, however MCL 28.725(1)(f) penalizes them for doing the same. Moreover, a prosecutor could choose to prosecute one individual for failing to report an internet identifier immediately, however another individual doing the same thing could forgo prosecution because a prosecutor determined that such an identifier was not routinely used.

The trial court took a guilty plea from defendant, determining that he knowingly gave false information contrary to MCL 28.727(6), but did not establish that defendant a) knowingly gave any information, and b) that information was false. Instead, the trial court took a plea in which defendant admitted to having both an email account and a Facebook account. The record does not reflect whether these accounts were routinely used, or if they were even used at all after their creation. "If defendant's description of his actions and any otherwise admissible evidence presented to the court on the record during the plea taking proceedings would not substantially support a finding that defendant is in fact guilty of the charged offense or the offense to which he is pleading, the plea shall be rejected by the court." *In re Guilty Plea Cases*, 395 Mich 96, 128; 235 NW2d 132 (1975). Here, defendant did not admit to any of the elements of the statute he stood charged with violating, and therefore, the court erred in accepting his plea of guilty. "In short, a sentence imposed under a mistaken perception of the requirements of law will satisfy plain error analysis if the sentence imposed under a correct understanding would have been materially different." *People v Lockridge*, 498 Mich 358, 396; 870 NW2d 502 (2015).

## B. STATUTE IS UNCONSTITUTIONAL AND ITS APPLICATION WAS A VIOLATION OF DEFENDANT'S RIGHTS

Defendant was released from prison in August of 2013, after being incarcerated since 2001. Defendant created his email account on September 3, 2013. On September 17, 2013,

defendant's parole officer discovered defendant's accounts and this prosecution ensued. There is nothing in the record that revealed defendant had used either his email account or his Facebook account after he created them. Two weeks elapsed since defendant had created, and arguably used, his email account and Facebook account. The only testimony obtained from defendant during his plea was that he did not understand the "whole Facebook thing," but after it was explained to him he agreed he did not "follow the rules." We find that the applicable statutory provisions could not have been simultaneously followed, and therefore, defendant's substantial rights were affected.

The 'rule of lenity' provides that courts should mitigate punishment when the punishment in a criminal statute is unclear." *People v Denio*, 454 Mich 691, 699, 564 NW2d 13 (1997). The rule of lenity applies only if the statute is ambiguous or "'in absence of any firm indication of legislative intent.' " *Id.* at 700 n 12, quoting *People v Wakeford*, 418 Mich 95, 113–114, 341 NW2d 68 (1983); *People v Johnson*, 302 Mich App 450, 462; 838 NW2d 889, 896 (2013). It has been traditionally held in Michigan that SORA is not a punitive statute. However, that view is not universal; aside from the likely subjective perceptions of those who suffer adverse effects as a result of their registrations, the Sixth Circuit has expressly held that Michigan's SORA does, in fact, "impose[] punishment." *Does*, *supra*, ___ F 3d at ___ (slip op at p 13). Furthermore, when there are two reasonable and contradictory constructions, [the one] which operates in favor of [the] accused . . . is to be preferred. *Lockhart*, 242 Mich at 495.

## IV. CONCLUSION

It is clear and unambiguous that defendant could not have abided by both asserted provisions of SORA. Consequently, neither provision can be found constitutional as written. Defendant's conviction is hereby vacated, and the matter is remanded for further proceedings as the trial court deems appropriate. Because we find the statutes unconstitutional, we find it unnecessary to address defendant's other arguments on appeal. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause

-5-